**FILED**

JUL 27 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASCINA ca de LUPIS, S.r.l.
Via Ragazzi del 99, n.78
35013 Cittadella (PD) Italy
   v.

and
CORRADO BONINO
7709 Laurel Leaf Drive
Potomac, MD 7709
and
ENA RITA
7709 Laurel Leaf Drive
Potomac, MD 7709
and
CALITA CORPORATION
1110 21st Street, NW.
c/o Galileo Restaurant
Washington, DC 20036
and
VINI, INC.
5766 Second Street, N.E.
Washington, D.C. 20001
and
ROBERTO DONNA
1110 21st Street, N.W.
c/o Galileo Restaurant
Washington, D.C. 20036

**JURY TRIAL DEMANDED**
No.

Case: 1:07-cv-01372
Assigned To : Walton, Reggie B.
Assign. Date : 7/27/2007
Description: Contract

*JURY ACTION*

## COMPLAINT

Plaintiff, Cascina Ca de Lupis, S.r.l. ("Cascina"), for its civil action against defendants Corrado Bonino ("Bonino"), Ena Rita, Calita Corporation ("Calita"), Vini, Inc. ("Vini, Inc."), and Roberto Donna avers as its complaint against defendants as follows:

**STATEMENT OF THE CLAIM**

1. Plaintiff is an Italian company that exports high-quality Italian wines to the District of Columbia area. From September 2005 through June 2006, Cascina exported in excess of $600,000 worth of such wines to Vini, Inc., a wine importer within the District of Columbia. Vini, Inc. sold and distributed this wine to various American accounts. Vini, Inc. has failed to pay for most of this wine. The most substantial American account to whom Vini, Inc. delivered wine is Galileo Restaurant owned and operated by defendant Roberto Donna in the District of Columbia. Defendant, Bonino, without authorization from plaintiffs, and posing as a general director and sales coordinator for plaintiff, orchestrated a series of sales from plaintiff and Vini, Inc., to Galileo and other restaurants in the D.C. area. Defendants Bonino and Calita directed Galileo to make payments to themselves instead of to Vini, Inc. or to plaintiff. Defendants have failed to remit any such payments to plaintiff. Accordingly, defendants Vini, Bonino, his wife Ena Rita and Calita have converted and retained at least $258,000 which belongs to plaintiff.

## PARTIES

2. Plaintiff Cascina Ca de Lupis, S.r.l. ("Cascina") is a corporation organized in Italy with its principal place of business at Via Ragazzi del 99, n. 78, 35013 Cittadella (PD) Italy. Cascina's principal business is the exportation and sale of quality Italian wines.

3. Defendant, Corrado Bonino, is an individual and resident of the State of Maryland. The residence is located at 7709 Laurel Leaf Drive, Potomac, Maryland. Corrado Bonino is a native of Italy and worked for a period of time as a consultant and sales agent for plaintiff, Cascina, until he was fired.

4. Defendant, Ena Rita, is an individual and a resident of the State of Maryland. She is the wife of defendant, Corrado Bonino and is personally involved and assists him in all of his nefarious business activities.

5. Defendant, Calita Corporation, is a corporation organized and existing within the District of Columbia with its principal place of business located at 1110 21st Street, NW., c/o Galileo, Washington, DC 20036. Calita is a corporation organized and wholly owned by Corrado Bonino and is the alter ego of defendant, Corrado Bonino.

6. Vini, Inc., is a corporation organized and existing in the District of Columbia with its principal place of business located at 5766 Second Street, N.E., Washington, D.C., 20011. Vini, Inc., is an importer and a distributor of wines, including fine Italian Wines.

7. Roberto Donna is an individual and a citizen of the District of Columbia. He owns and operates two restaurants, Galileo Restaurant, which as of the date of the filing of this complaint is closed for renovations, is located at 1110 21st Street, N.W., Washington, D.C. and Trattoria Bebo is located at 2250 Crystal Drive in Arlington, Virginia. Galileo Restaurant is implicated in this dispute because it is the largest single purchaser of the fine Italian wines exported by Cascina to Vini, Inc.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332 based upon the diversity of the parties and the amount in dispute exceeds $75,000.

9. Venue is proper within the District of Columbia pursuant to 28 U.S.C. §1391(a) as some of the defendants reside within the District of Columbia and a substantial part of the events giving rise to the claim occurred within the District of

Columbia.

## FACTUAL ALLEGATIONS

10. From September 2005 through June 2006, plaintiff Cascina sold and exported $601,515.80 worth of fine Italian wines to defendant, Vini, Inc. for importation into the United States and resale.

11. As of the date of the filing of this complaint, Vini, Inc. has paid Cascina only $185,849 for the wines imported by Vini, Inc. into the United States. There is thus a balance owed of $415,666.80.

12. Between January, 2006 and August, 2006, Vini distributed these wines to numerous restaurants in the Washington, D.C. area.

13. From January 2006 through August 2006, Vini, Inc. distributed in excess of $257,900 worth of wine imported from plaintiff Cascina to Galileo's Restaurant. Corrado Bonino, a long-time friend of Robert Donna, owner of Galileo Restaurant, assisted Vini, Inc. in the distribution of this wine.

14. From April, 2005 until September, 2006, defendant Corrado Bonino worked as a consultant for plaintiff Cascina assisting Cascina in the resale of the wines which Vini, Inc. purchased from Cascina.

15. Between January and August, 2006, Galileo Restaurant and Roberto Donna, at the instructions of Corrado Bonino, paid $257,900 to Corrado Bonino and/or his corporation Calita.

16. On September 27, 2006, Cascina fired Corrado Bonino as a consultant because his performance in arranging sales of wine was not satisfactory and he was not properly accounting for monies he received.

17. Defendants Corrado Bonino and Ena Rita have converted these funds, $257,900, to their own use and have failed to remit any such funds to plaintiff, Cascina.

## COUNT I
### PLAINTIFF V. DEFENDANT VINI, INC.
### BREACH OF CONTRACT - FAILURE TO MAKE PAYMENT

18. Plaintiff incorporates all the above paragraphs as though fully set forth and restated herein.

19. From September 2005 through June 2006, plaintiff Cascina sold and delivered $601,515.80 worth of fine Italian wines to defendant, Vini, Inc.

20. Vini, Inc., imported this wine into the United States from Italy and promised to pay Cascina. To date, Vini, Inc., has remitted only $185,849 in payment for said wines.

21. There is thus a balance owed of $415,666.80 which Vini, Inc., has refused to pay to Cascina.

22. Such failure to pay is a breach of contract for which Vini, Inc., is liable to Cascina for the full amount owed plus interest and costs.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Vini, Inc., in the amount of $415,666.80 plus pre-judgment and post-judgment interest and costs.

## COUNT II
### PLAINTIFF V. DEFENDANTS CORRADO BONINO, ENA RITA
### AND CALITA CORPORATION FRAUD AND CONVERSION

23. Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

24. As set forth above, defendants Corrado Bonino, Ena Rita and Calita Corporation, assisted Vini, Inc. and plaintiff in supplying Galileo Restaurant with at least $257,900 of the wine imported by Vini, Inc., from Cascina.

25. Corrado Bonino instructed Roberto Donna to pay Corrado Bonino and/or Calita for the wines supplied to Galileo by Vini, Inc.

26. Subsequent to their receipt of $257,900 of monies from Galileo Restaurant, Corrado Bonino, Ena Rita and Calita failed to remit any of these funds to plaintiff or to Vini, Inc., and instead converted these funds to their own use.

27. Defendants Corrado Bonino, Ena Rita and Calita, by fraud and deception, have thus obtained at least $257,900 of monies owed to plaintiff, Cascina. Corrado Bonino, Ena Rita and Calita are thus liable to Cascina for $257,900 plus pre and post-judgment interest plus costs.

28. Additionally, for their deliberate fraud and deception which was a willful and wanton act by Corrado Bonino, Ena Rita and Calita, they are further liable to plaintiff for punitive damages.

WHEREFORE, plaintiff requests that the Court enter judgment in its favor and against defendants, Corrado Bonino, Ena Rita and Calita in an amount equal to the funds which the defendants collected from Galileo Restaurant and Roberto Donna, plus such punitive damages as deemed just and proper, plus pre-and post-judgment interest, costs and attorney fees.

## COUNT III
### PLAINTIFF V. DEFENDANTS ROBERTO DONNA
### FOR FRAUD AND CONVERSION

29. Plaintiff incorporates the above paragraphs as though fully set forth and

restated herein.

30. As set forth above, Roberto Donna owns and operates two restaurants which specialize in Italian cuisine and offer imported Italian wines to their customers.

31. As set forth above, Roberto Donna has received in excess of $257,900.00 of wine from Vini, Inc.

32. At the time that defendant Roberto Donna obtained this wine, he knew that the wine was exported by Cascina to Vini, Inc., and that Cascina was owned and operated by persons other than Corrato Bonino.

33. Roberto Donna claims that he has paid $257,900.00 to Corrado Bonino and/or Calita Corporation for the wine supplied by Cascina through Vini, Inc.

34. Such statement is knowingly false because as Roberto Donna knows full well, he has not paid any money to Cascina for this wine and he has received in excess of $257,900 worth of wine.

35. Roberto Donna, thus by fraud and deception, obtained and resold wine supplied by Cascina without paying for said wine in full.

36. Additionally, Roberto Donna thus owes Cascina for payment of all Cascina wine that he has received from defendants, Vini, Inc.

37. In addition, for his deliberate fraud and deception, which was a willful and wanton act, Roberto Donna is further liable to plaintiff for punitive damages.

WHEREFORE, plaintiff requests that the Court enter judgment in its favor and against defendant Roberto Donna in an amount equal to the value of the wine that defendant Donna and Galileo and Trattoria Beppo received from defendant Vini, plus such punitive damages as deemed just and proper, plus pre-and post judgment interest,

costs and attorneys fees.

## COUNT IV
## PLAINTIFF V. DEFENDANT ROBERTO DONNA
## FOR CONSPIRACY

38. Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

39. From September 2005 through the present, defendants Corrado Bonino, Ena Rita, Calita Corporation, Vini, Inc., and Roberto Donna, have agreed and participated in a conspiracy to obtain wine from Cascina without paying for said wine.

40. In furtherance of said conspiracy, the defendants have committed one or more overt acts including but not limited to the following:

(a) Vini, Inc., transferred wine obtained from Cascina to defendants without demanding payment;

(b) Defendant Bonino, Ena Rita and Calita Corporation, obtained monies from Roberta Donna and failed to pay Cascina.

(c) Roberto Donna obtained wine imported into the United States by plaintiff and deliberately and knowingly failed to pay plaintiff.

40. As a result of this civil conspiracy, plaintiff has suffered compensatory damages.

41. Defendants so acted in a wilful and wanton manner so as to make defendants further liable to plaintiffs for punitive damages.

WHEREFORE, plaintiff requests judgment in his favor and against defendants Bonino, Ena Rita, Calita, Vini, Inc., and Roberto Donna in an amount to fully compensate plaintiff for all wines delivered to Donna and for which he has not been

paid, plus punitive damages in an amount deemed just and proper, plus pre-and post judgment interest, costs and attorney fees.

## COUNT IV
## ACCOUNTING

42. Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

43. As set forth above, plaintiff exported to the United States to Vini, Inc., in excess of $600,000 worth of fine Italian wine.

44. Vini took possession of this wine, placed much of it in storage and over time, distributed the wine to defendants Bonino, Calita and Roberta Donna and other third parties.

45. Despite repeated requests from plaintiff to each of the defendants for access to their records to review both what wines obtained from plaintiff they possessed and what wines obtained from plaintiff they sold to other defendants or third parties and what monies they paid to plaintiff, no such records have been produced.

46. Accordingly in addition to the compensatory and punitive damages requested above, an accounting is the only means to determine the scope of defendants wrongdoing, what happened to the wines imported by plaintiff and what monies have been distributed by defendants to other defendants which should have lawfully been paid to plaintiff.

47. Accordingly, in addition to the compensatory and punitive relief damages sought above, plaintiff requests an accounting to determine what happened to the wine that was delivered to Vini, Inc., and what monies have changed hands between

defendants and not been remitted to plaintiff.

WHEREFORE, plaintiffs request that the Court enter judgment in its favor and against defendants Bonino, Ena Rita, Calita, Vini, Inc., and Roberto Donna in an amount equal to the funds in which the defendants collected from Galileo and Roberto Donna plus punitive damages as deemed just and proper plus pre-judgment interest, costs and attorney fees.

Respectfully submitted,

Marc E. Miller, DC Bar # 948372
Alex Menendez, DC Bar # 470475
MCLEOD, WATKINSON & MILLER
One Mass. Ave., N.W., Suite 800
Washington, D.C. 20001
Telephone: 202-842-2345
Facsimile: 202-408-7763
Counsel for Plaintiff


Jack Meyerson
MEYERSON & O'NEILL
1700 Market Street, Suite 3025
Philadelphia, PA 19103
Telephone: 215-972-1376
Attorneys for Plaintiff

Dated:

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Cascina ca de Lupis, S.r.l.<br>Via Ragazzi del 99, n. 78<br>35013 Cittadella (PD) Italy | Calita Corporation, Vini, Inc., Roberto Donna,<br>Corrado Bonino, and Ena Rita |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  99999<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Marc Miller<br>One Massachusetts Avenue, N.W.<br>Suite 800<br>Washington, D.C. 20001<br>(202) 842-2345 | Case: 1:07-cv-01372<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 7/27/2007<br>Description: Contract<br><br>JURY ACTION |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ⊙ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊙ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1) Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 1332 and 1391(a) - Breach of Contract, Fraud, Conspiracy, and Accounting

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ over $415,666.80    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 7.27.07    SIGNATURE OF ATTORNEY OF RECORD    NOT SIGNED

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.