UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASCINA ca de LUPIS S.r.l ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-1372 |
| v. ) | |
| ) | |
| CORRADO BONINO et al., ) | Judge Reggie B. Walton |
| ) | |
| Defendant. ) | |

**DEFENDANT ROBERTO DONNA'S MOTION TO
DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

The Defendant, Roberto Donna, ("Donna") by his undersigned counsel, moves to dismiss the Complaint as to him under Federal Rule of Civil Procedure12(b)(6). The Complaint should be dismissed because it fails to state a claim upon which relief may be granted.

With this Motion, Donna is filing a Memorandum of Law in Support outlining the legal and factual basis for dismissal of the Complaint. For the reasons set forth in the Memorandum of Law, Donna requests that this Court dismiss the Complaint.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DB03/./8182929.1

WHEREFORE, the Defendant, Roberto Donna, respectfully requests that this Court enter an order:

    a.    Dismissing the Complaint with prejudice as against him; and

    b.    Granting such other relief as this Court deems just and equitable.

Dated: November 8, 2007                          Respectfully submitted,

                                                    /s/ Michael E. Tucci
                                                   Michael E. Tucci, No. 430470
                                                   Darrell W. Clark, No. 450273
                                                   Stinson Morrison Hecker LLP
                                                   1150 18th Street, NW, Suite 800
                                                   Washington, DC 20036
                                                   Tel. (202) 728-9100; Fax. (202) 785-9163
                                                   *Attorneys for the Defendant, Roberto Donna*

## CERTIFICATE OF SERVICE

      I hereby certify that on November, 8 2007, a copy of the foregoing Motion to Dismiss of the Defendant Roberto Donna and Proposed Order was served via first class mail postage prepaid to the following:

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, DC 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103

                                          /s/ Michael E. Tucci
                                          Michael E. Tucci

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASCINA ca de LUPIS S.r.l ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-1372 |
| v. ) | |
| ) | |
| CORRADO BONINO et al., ) | Judge Reggie B. Walton |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROBERTO DONNA'S
MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant, Roberto Donna, by his undersigned counsel, moves to dismiss the Complaint as to him under Federal Rule of Civil Procedure12(b)(6) for failure to state a claim upon which relief may be granted.

## I.   INTRODUCTION

This case involves a rather straight-forward dispute over the purchase of wine from Italy, and allegations that the importer, after re-selling it in the United States, failed to pay for the wine.

Plaintiff, Cascina ca de Lupis, ("Cascina") alleges it sold wine to Defendant, Vini, Inc., a wine importer within the District of Columbia, and that Vini, Inc. then resold the wine to Galileo Restaurant ("Galileo"), which is allegedly owned by Defendant, Roberto Donna ("Donna"). Complaint at ¶ 1. The Complaint further alleges that Plaintiff did not receive full payment for the wine because Defendants Corrado Bonino ("Bonino") and Calita Corporation ("Calita") directed Galileo to make payments for the wine to them rather than Vini, Inc. Complaint at ¶ 1.

Notwithstanding the clear nature and relationship of the parties, and the alleged sequence of events, Plaintiff, without reason, named Donna, Galileo's chef, as a defendant and, inexplicably, failed to name Galileo, the actual recipient of the wine according to the Complaint, as a defendant. As a result, the Complaint contains allegations that are internally inconsistent and nonsensical. For instance, the Complaint alleges in certain sections that the wine at issue was sold and supplied to Galileo (Complaint at ¶ 7), and that Galileo was "the largest single purchaser of fine Italian wines exported" by Plaintiff. Complaint at ¶ 7. Plaintiff further alleges that Galileo made the "diverted" payments on the wine purchases. Complaint at ¶¶ 1, 26

In other sections the Complaint alleges —without explanation—the wine was supplied to Donna, Complaint at ¶ 31, and that Donna paid for the wine. Complaint at ¶ 15.

The Complaint as to Donna should be dismissed with prejudice because his presence as a defendant in this lawsuit is unsupported by the facts, and the allegations against him fail to state a claim for which relief may be granted.

## II. SUMMARY OF ALLEGATIONS

On July 27, 2007, Plaintiff filed a five-count Complaint against five Defendants including Donna. Count I alleges breach of contract against Vini, Inc; Count II alleges fraud and conversion against Bonino, Ena Rita and Calita; Count III alleges fraud and conversion against Donna; Count IV alleges conspiracy against Donna; and Count V seeks an accounting.

The allegations against Donna can be summarized as follows:

- Donna is an individual and a citizen of the District of Columbia and owns and operates two restaurants including Galileo and Tratoria Bebo. Galileo is alleged to be involved in this dispute because it is the largest single purchaser of Italian wines from Plaintiff. Complaint at ¶ 7.

- From January 2006 through August 2006, Vini, Inc. distributed in excess of $257,900.00 worth of wine imported from Plaintiff to Galileo. Bonino assisted Vini, Inc. in the distribution of that wine. Complaint at ¶ 13.

- Between January and August 2006, Galileo and Donna, at the instruction of Bonino, paid $257,900.00 to Bonino and/or his corporation, Calita. Complaint at ¶ 15.

- Donna owns and operates two restaurants that specialize in Italian cuisine and offer imported Italian wines to their customers. Complaint at ¶ 30.

- Donna has received in excess of $257,900.00 worth of wine from Vini, Inc. Complaint at ¶ 31.

- At the time that Donna obtained the wine at issue, he knew that the wine was exported by Cascina to Vini, Inc. and that Cascina was owned and operated by persons other than Bonino. Complaint at ¶ 32.

- Donna claims that he has paid $257,900.00 to Bonino or Calita for the wine supplied by Cascina, but such statement is knowingly false because Donna knows full well he has not paid any money to Cascina for the wine, and he has received in excess of $257,900.00 worth of wine. Complaint at ¶¶ 33-34.

- Donna by fraud and deception obtained and resold the wine supplied by Cascina without paying for it, and owes Cascina for payment of all Cascina wine that he received from Defendant Vini, Inc. Complaint at ¶¶ 35-36.

These allegations fail to state a cause of action for fraud, conversion, or conspiracy, and should be dismissed.

### III.   ARGUMENT

A.   **The Claims Against Donna Cannot Stand Because Donna and Galileo are Not Licensees Under a Manufacturer's, Wholesaler's, or Retailer's License.**

As a preliminary matter, pursuant to District of Columbia Official Code § 25-772(b), "no public or common carrier shall transport or bring into the District wine, spirits, or beer in a quantity in excess of more than one quart in any one calendar month for delivery to any one person in the District other than the licensee under a manufacturer's, wholesaler's, or retailer's license."

SER Corporation, which is organized and existing under the laws of the District of Columbia, does business as Galileo.[1] Donna is a citizen of the District of Columbia. Galileo and Donna are not licensee's under a manufacturer's, wholesaler's, or retailer's license; SER Corporation is a District of Columbia retailer. Donna could not have lawfully purchased and resold the wine in question. The wine could only have been lawfully purchased by SER Corporation.

B.   **12(b)(6) Standard.**

Federal Rule of Civil Procedure 12(b)(6) states that a complaint may be dismissed for failure to state a claim upon which relief may be granted. Construing Rule 12(b)(6), the court in *Taylor v. F.D.I.C.*, 132 F.3d 753, 761 (D.C.Cir.1997), stated that dismissal is proper when, taking the allegations as true and construed in a light most favorable to the plaintiff, the court finds the material elements of a cause of action have not been plead. The court in *Mount v. Barren*, 154 F. Supp.2d 3 (D.D.C.2001) stated:

> A Motion to Dismiss under Rule 12(b)(6) tests not whether the Plaintiff will prevail in the merits, but instead whether the Plaintiff has properly stated a claim. A Court may dismiss a Complaint for failure to state a claim if it is

---

[1] The fact that SER Corporation does business as Galileo is a matter of record in this Court. *See* Bankruptcy Court Docket Number 04-01249.

clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Although facts must be construed in a light most favorable to the plaintiff, a court does not have to "accept bare conclusory allegations as fact." *Taylor v. F.D.I.C.*, 132 F.3d 753, 762 (D.C.Cir.1997), *see also Domen v. National Rehabilitation Hospital*, 925 F. Supp. 830, 837 (D.D.C.1996). Nor does a court have to accept inferences offered by the plaintiff that are not supported by the facts alleged in the complaint. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

Here, even construing the facts in a light most favorable to the Plaintiff and accepting Plaintiff's allegations as true, the Complaint fails to state a cause of action against Donna for fraud, conversion, or conspiracy.

### 1. The allegations against Donna fail to state a cause of action for fraud.

Plaintiff's cause of action for fraud against Donna is inappropriate as it is at most a contract claim masquerading as a tort claim. As stated by the District of Columbia Court of Appeals in *Blake Construction Co, Inc. v. C.J. Coakley Co., Inc.*, 431 A.2d 569, 577 (D.C.App.1981):

> When two parties are in dispute over performance under a contract, their recourse lies in a legal suit under the contract and not in an action in tort unless there are exceptional circumstances of a violation of duty imposed by statute or law beyond the contracts terms.

The wine in question was presumably sold pursuant to a contract or contracts between the parties. Those contracts presumably included payment provisions. Thus, it is not appropriate for Plaintiff to assert a cause of action for fraud against Donna.

But even if it is proper for Plaintiff to bring a cause of action for fraud against Donna, that claim cannot stand.

In order to plead a cause of action for fraud, a plaintiff must allege: "(1) a false representation; (2) concerning a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) upon which reliance is placed." *Auto World Inc. v. District of Columbia*, 627 A.2d 11, 16 (D.C.1993), *citing Higgs v. Higgs,* 472 A.2d 875, 876 (D.C.1984)

Allegations of fraud are also subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, that is, they must be pleaded with particularity.[2] *In re U.S. Office Products*, 326 F.Supp.2d 68, 82 (D.D.C.2004). Rule 9(b) provides that that "[I]n all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity."

The "circumstances" that must be pleaded include the "time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *Firestone v. Firestone*, 76 F.3d 1205, 1211 (D.C. Cir.1996), *citing Kowal,* 16 F.3d at 1278. *See also*, *Hite v. Leeds Weld Equity Partners*, 429 F. Supp.2d 110, 115 (D.D.C.2006). "With respect to omissions, the Plaintiff must plead the type of facts omitted, the type of document in which they should have appeared and the way in which their omission made the documents misleading." *Hite*, 429 F. Supp.2d at 115 (D.D.C.2006), *citing Fujisawa Pharm. v. Kapoor,* 814 F.Supp. 720, 727 (N.D.Ill.1993).

In light of this pleading standard, the fraud allegations against Donna fail because Plaintiff does not allege the time or place of any misrepresentation by Donna. In fact, the Complaint fails to allege Donna made any representation at all to Plaintiff, let alone a false representation, concerning a material fact, made with the knowledge of its falsity, with the intent to deceive, which was relied upon by Plaintiff.

---

[2] The lack of particularity in violation of Rule 9(b) is an additional grounds for dismissal.

Thus, the allegations of fraud contained in Count III fail to state a cause of action against Donna and should be dismissed.

### 2. **The allegations against Donna do not state a cause of action for conversion.**

The tort of conversion is the "unlawful exercise of ownership, dominion and control over the personal property of another in denial or repudiation of that person's right thereto." *O'Callaghan v. District of Columbia*, 741 F. Supp. 273, 279 (D.D.C.1990). *See also, Fay v. Perles*, 484 F. Supp. 2d 12, 15 (D.D.C.2007). Where the defendant's initial possession is lawful, "demand for a return of the property is necessary to show the adverse nature of the possession." *Mansur v. Albright*, 130 F.Supp.2d 48, 58 (D.D.C.2001), *citing Shea v. Fridley,* 123 A.2d 358, 361 (D.C.1956). Moreover, conversion is inappropriate to enforce an obligation to pay money. *Calvetti v. Antcliff*, 346 F.Supp.2d 92, 106 (D.D.C. 2004).

Here, the Complaint fails to state a cause of action because it is unclear what property Donna is exercising dominion over. The Complaint alleges that "Donna obtained and resold wine supplied by Cascina." Complaint at ¶ 35. Accordingly, and in keeping with the definition of conversion stated above, if Donna resold the wine, he cannot be liable for conversion.

Moreover, according to the principle stated in *Calvetti*, if the Plaintiff is seeking money to satisfy a debt, Plaintiff cannot obtain that money through a conversion action. *Calvetti*, 346 F.Supp.2d at 106. Further, the Complaint alleges that the wine was sold to Galileo (Complaint at ¶ 1), not Donna. Thus, the allegations in the complaint contradict the claim asserted by the Plaintiff.

In addition, the Complaint fails to allege that Plaintiff made any demand upon Donna or Galileo for return of the wine or payment for the wine. As such, if the wine was obtained by Galileo by lawful means, an action for conversion cannot stand. *Mansur,* 130 F.Supp.2d at 48.

Thus, the allegations of conversion contained in Count III fail to state a cause of action against Donna and should be dismissed.

### 3. The allegations against Donna do not state a claim for conspiracy.

To succeed on its cause of action for civil conspiracy, Plaintiff must allege that Defendant formed and operated the conspiracy and committed wrongful acts in furtherance of the common scheme, and as a result, damages were suffered by the Plaintiff. *Higgs v. Higgs*, 472 A.2d 875, 877 (D.D.C. 1984). Further, civil conspiracy is not an independent tort, but a means to establish liability for another tort. *Furash & Co., Inc., v. McLave*, 130 F.Supp.2d 48, 54-55 (D.D.C. 2001).

Count IV of the Complaint is directed at Donna only, and alleges that the other Defendants and Donna agreed and participated in a conspiracy to obtain wine from Cascina without paying for that wine. Complaint at ¶ 39. Count IV further alleges that the Defendants, including Donna, obtained the wine imported into the United States by Plaintiff, and deliberately and knowingly failed to pay Plaintiff. Complaint at ¶ 40.

Pursuant to *Higgs*, as stated above, to prevail on a claim of conspiracy Plaintiff must have alleged that Donna committed wrongful acts in furtherance of a common scheme, which in this case would presumably be fraud and/or conversion. The conspiracy claim fails to state a cause of action because it is derivative of the fraud and conversion counts. Because those counts fail to state a claim, the conspiracy count is meaningless and cannot survive. Thus, the allegations of conspiracy contained in Count IV fail to state a cause of action against Donna and should be dismissed.

## IV.  CONCLUSION

The Complaint fails to state a cause of action for fraud, especially in light of Rule 9's heightened pleading requirements—there is simply insufficient detail in the Complaint. The claim for conversion also fails as it is not clear what property has been converted, whether it was converted by Donna or Galileo, and because Donna and Galileo are no longer in possession of the alleged converted property. Moreover, if Plaintiff merely seeks payments of a debt, conversion is not the correct cause of action. In addition, as the conspiracy claim is derivative of the fraud and conversion claims, and Plaintiff has failed to state a claim as to those counts, Plaintiff's conspiracy claim must also fail. Lastly, pursuant to District of Columbia Official Code §25-772(b) Galileo and Donna could not have lawfully imported or possessed the wine from Vini, Inc.

Accordingly, the Complaint as against Roberto Donna should be dismissed with prejudice.

Dated: November 8, 2007                Respectfully submitted,

/s/ Michael E. Tucci
Michael E. Tucci, No. 430470
Darrell W. Clark, No. 450273
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036
Tel. (202) 728-9100; Fax. (202) 785-9163
*Attorneys for the Defendant, Roberto Donna*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November, 8 2007, a copy of the foregoing Memorandum of Law in Support of Defendant Roberto Donna's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), was served by first class mail, postage prepaid upon the following:

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, DC 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103

                                                /s/ Michael E. Tucci
                                                Michael E. Tucci

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CASCINA ca de LUPIS S.r.l | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07-1372 |
| v. | ) ) | |
| CORRADO BONINO et al., | ) ) ) | Judge Reggie B. Walton |
| Defendant. | ) ) ) | |

**ORDER GRANTING DEFENDANT ROBERTO DONNA'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

This matter came before the Court on Defendant, Roberto Donna's, Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) and Memorandum of Law in support. Upon consideration of the Motion and Memorandum and any opposition thereto, this Court finds that good cause exists to grant the relief requested, and it is hereby:

**ORDERED** that the Motion be, and it hereby is, **GRANTED IN ITS ENTIRETY**; and it is

**FURTHER ORDERED** that the Complaint as to Roberto Donna is **DISMISSED WITH PREJUDICE**.

Dated:_____         _____
                              The Honorable Reggie B. Walton
                              United States District Court Judge

DB02/804496.0002/7836160.1

Copies to:

Michael E. Tucci, Esq.
Darrell W. Clark, Esq.
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, DC 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103