UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CASCINA CA DE LUPIS, S.r.L. : | |
| : | Civil Action No. 1:07-cv-01372 |
| Plaintiff : | |
| : | |
| v. : | Judge Reggie B. Walton |
| : | |
| CORRADO BONINO, et al. : | |
| and ENA RITA, CALITA : | |
| CORPORATION, VINI, INC. and : | |
| ROBERTO DONNA, : | |
| : | |
| Defendants. : | |

## AMENDED COMPLAINT

Plaintiff, Cascina Ca de Lupis, S.r.l. ("Cascina"), by counsel and pursuant to Fed. R. Civ. P. 15(a) files this amended complaint as a basis for its civil action against defendants Corrado Bonino ("Bonino"), Ena Rita, Calita Corporation ("Calita"), Vini, Inc. ("Vini, Inc."), and Roberto Donna ("Donna"), avers as its complaint against defendants as follows:

## STATEMENT OF THE CLAIM

1. Plaintiff is an Italian company that exports high quality Italian wines to the District of Columbia area. From September 2005 through June 2006, Cascina exported in excess of $600,000 worth of such wines to defendant Vini, Inc., a wine importer within the District of Columbia. Vini, Inc., sold and distributed this wine to various American accounts. Vini, Inc., has failed to pay for most of this wine. The most substantial American account to whom Vini, Inc., delivered wine is Galileo, a restaurant owned and operated by Donna in the District of Columbia. Between December, 2005 and August 2006, Vini, Inc. distributed at least $452,138 worth of wine supplied by plaintiff to Galileo and Donna. Bonino, without authorization from plaintiff, and posing as a general director and sales coordinator for plaintiff, directed Donna to make payments for an amount less that the sales price of the wine in the form of checks payable to cash which were deposited into Calita's bank account. Donna made such cash payments

knowing that Bonino and Calita were not paying these monies to plaintiff. Defendants have failed to remit any such payments to plaintiff. Accordingly, defendants Vini, Inc., Donna, Galileo, Bonino, Ena Rita, the wife of Bonino, and Calita have converted and retained at least $415,666.80 worth of wine without paying plaintiff.

## PARTIES

2. Plaintiff Cascina is a corporation organized in Italy with its principal place of business at Via Ragazzi del 99, n. 78, 35013 Cittadella (PD) Italy. Cascina's principal business is the production, export and sale of quality Italian wines.

3. Defendant, Corrado Bonino, is an individual and resident of the State of Maryland. Bonino residence in the United States is located at 7709 Laurel Leaf Drive, Potomac, Maryland. Bonino is a native of Italy and worked for a period of time as a consultant and sales agent for plaintiff, Cascina, until he was fired. Bonino also maintains a residence in Italy.

4. Defendant, Ena Rita, is an individual and a resident of the State of Maryland. She is the wife of defendant Bonino and is personally involved and assists him in all of his nefarious business activities.

5. Defendant, Calita Corporation, is a corporation organized and existing within the District of Columbia with its principal place of business located at 1110 21st Street, NW., c/o Galileo, Washington, DC 20036. Calita is a corporation organized and wholly owned by Bonino and is the alter ego of Bonino.

6. Defendant, Vini, Inc., is a corporation organized and existing in the District of Columbia with its principal place of business located at 5766 Second Street, N.E., Washington, D.C., 20011. Vini, Inc., is an importer and a distributor of wines, including fine Italian Wines.

7. Defendant, Roberto Donna, is an individual and a citizen of the District of Columbia. He owns and operates the restaurant, Galileo, which, as of the date of the filing of this Complaint, is closed for renovations, is located at 1110 21st Street, N.W., Washington, D.C. Galileo is a gourmet Italian restaurant promoted by Donna as a high end restaurant offering the finest Italian wines. Defendant Donna is not only the owner and operator of Galileo Restaurant,

but also the chef and purchaser of wines for the restaurant. These wines are resold through the restaurant for a profit. Donna also owns and operates a second restaurant, Trattoria Bebo, located at 2250 Crystal Drive in Arlington, Virginia. Donna also sells fine Italian wines at Trattoria Bepo.

8. Bonino is also a close friend and confidant of Donna. They have a longstanding personal and business relationship, both in conjunction with Galileo and in conjunction with Donna's other restaurant, Trattoria Bebo. Bonino's corporation Calita's principal place of business is listed as Galileo Restaurant.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. '1332 based upon the diversity of the parties and the amount in dispute exceeds $75,000.

10. Venue is proper within the District of Columbia pursuant to 28 U.S.C. '1391(a) as some of the defendants reside within the District of Columbia and a substantial part of the events giving rise to the claim occurred within the District of Columbia.

## FACTUAL ALLEGATIONS

11. From September 2005 through June 2006, plaintiff sold and exported $601,515.80 worth of fine Italian wines to Vini, Inc., for importation into the United States and resale pursuant to an agreement that Vini would distribute the wine to third parties, particularly restaurants in the United States and pay plaintiff for these wines upon receipt of funds from the restaurants.

12. As of the date of the filing of this complaint, Vini, Inc., has paid plaintiff only $185,849 for the wines imported by Vini, Inc., into the United States. There is thus a balance owed of $415,666.80.

13. Between January 2006 and August 2006, Vini, Inc., distributed these wines to numerous restaurants in the Washington, D.C. area.

14. From January 2006 through August 2006, Vini, Inc., as agreed, distributed in excess of $450,000 worth of wine imported from plaintiff to Donna for use at Galileo.

15. From April 2005 until September 2006, Bonino worked as a consultant for plaintiff assisting plaintiff in the resale of the wines which Vini, Inc., purchased from plaintiff.

16. Bonino, as a consultant for plaintiff was responsible for assisting in the distribution of the wine from Vini to restaurants and other buyers in the Washington area. He was then, as an employee of plaintiff, supposed to obtain full value for wines distributed and remit all moneys received to plaintiff.

17. On or before January 5, 2006, Bonino entered into an agreement with Donna that instead of paying Cascina for the wine, Donna would pay Bonino a percentage of the monies owed to Cascina. Bonino in turn would work to assure a continuing supply of wines for Donna from Cascina through Vini, Inc. Donna in turn would sell this wine for a profit both at his Galileo and also at his second restaurant Trattoria Bebo.

18. Bonino and Donna further agreed that Donna would employ Bonino at Trattoria Bebo and that he would have an ownership interest in the Trattoria.

19. As far as plaintiff knew, all wines sold to Donna were to be used at Galileo, only, and not at Trattoria Bebo.

20. Between January 5, 2006 and August 22, 2006, Donna caused a series of checks to be issued from Galileo's bank accounts, at Fidelity Bank and Adams National Bank.

21. Each of these checks were made payable to cash and furnished to Bonino. Bonino deposited these checks [made payable to cash] into Calita Corporation's account. All tolled, the checks issued by Galileo to Bonino and Calita total $257,900. These payments were substantially less than the value and cost of the wine received by Donna and utilized at Galileo and Trattoria Bebo.

22. Donna made these cash payments to Bonino knowing that the monies were not transmitted to plaintiff Cascina.

23. Between June, 2006 and the date that this lawsuit was first filed, Cascina has repeatedly inquired of Donna for an accounting of the wine purchased by Donna and, its

utilization and Donna has deliberately failed to supply an accurate and straight forward response to this request.

24. On September 27, 2006, plaintiff fired Bonino as a consultant because his performance in arranging sales of wine was not satisfactory and he was not properly accounting for monies he received.

25. Subsequent to his firing by plaintiff, Bonino remained employed by Donna and worked for Donna at Trattoria Bebo and elsewhere.

## COUNT I
## PLAINTIFF V. DEFENDANT VINI, INC.
## BREACH OF CONTRACT - FAILURE TO MAKE PAYMENT

26. Plaintiff incorporates all the above paragraphs as though fully set forth and restated herein.

27. From September 2005 through June 2006, plaintiff sold and delivered $601,515.80 worth of fine Italian wines to Vini, Inc.

28. Vini, Inc., imported this wine into the United States from Italy and promised to pay plaintiff. To date, Vini, Inc., has remitted only $185,849 in payment for said wines.

29. There is thus a balance owed of $415,666.80, which Vini, Inc., has refused to pay to plaintiff.

30. Such failure to pay is a breach of contract for which Vini, Inc., is liable to plaintiff for the full amount owed plus interest and costs.

**WHEREFORE**, plaintiff requests that the Court enter judgment in his favor and against Vini, Inc., in the amount of $415,666.80 plus pre-judgment and post-judgment interest and costs.

## COUNT II
## PLAINTIFF V. DEFENDANT VINI, INC.
## NEGLIGENCE - FAILURE TO DEMAND PAYMENT

31. Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

32.  From September 2005, through June 2006, plaintiff sold and delivered $601,515.80 worth of fine Italian wines to Vini, Inc.

33.  From September 2005, through June 2006, Vini, Inc., transferred in excess of $415,000 worth of wine to Donna and Galileo.

34.  Vini, Inc., owed a duty to plaintiff to demand payment for said wine from Donna and Galileo and other purchasers.

35.  In a breach of this duty owed to plaintiff, Vini, Inc., committed the following negligent acts:

    a) Negligently transferred and distributed the wine;

    b) Entrusted the wine to Bonino and Ena Rita without properly investigating the relationship between Bonino and plaintiff;

    c) Continued to make transfers after failing to receive and remit payments to plaintiff for earlier distributions of wine.

    d) Continued to distribute wine to Donna and Galileo despite failing to receive payment in full for wine previously supplied.

36.  As a result of the aforementioned negligence, plaintiff has suffered damages in the amount in excess of $415,000.

**WHEREFORE**, plaintiff requests that the Court enter judgment in his favor and against Vini, Inc., in the amount of $415,666.80 plus pre-judgment and post-judgment interest and costs.

## COUNT III
## PLAINTIFF V. DEFENDANTS CORRADO BONINO, ENA RITA, CALITA CORPORATION AND ROBERTO DONNA
### FRAUD AND CONVERSION

37.  Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

38.  Between January 1st and continuing up to the date of the filing of this lawsuit, Bonino, Ena Rita, Calita and Donna participated in a scheme to defraud plaintiff of all wine supplied through Vini to Donna.

39. As part and parcel of this scheme, Donna obtained and utilized for his business at Galileo and the Trattoria Bebo wine for which he would not pay plaintiff; that Bonino would supply Donna with all the wine he needed for Galileo and Trattoria Bebo and that Bonino and Ena Rita would receive an interest in Trattoria Bebo and cash money.

40. As set forth above, Bonino, Ena Rita and Calita Corporation encouraged and assisted Vini, Inc. and plaintiff in supplying Donna and Galileo with at least $415,000 worth of wine imported by Vini from plaintiff.

41. At the time that Donna and Galileo received and accepted the delivery of this wine, Donna knew that the wine was exported by plaintiff to Vini and that plaintiff was owned and operated by persons other than Bonino.

42. On the following dates Bonino arranged for the following transfers from Vini to Galileo in the following amounts:

| Date | Amount |
|---|---|
| 12/31/05 | $112,161.00 |
| 1/31/06 | 47,268.00 |
| 2/23/06 | 2,940.00 |
| 2/23/06 | 75,776.00 |
| 2/23/06 | 14,256.00 |
| 3/20/06 | 25,464.00 |
| 4/18/06 | 43,506.00 |
| 4/30/06 | 612.00 |
| 4/30/06 | 5,298.00 |
| 4/30/06 | 1,500.00 |
| 4/30/06 | 2,550.00 |
| 5/31/06 | 19,170.00 |
| 5/31/06 | 8,214.00 |
| 5/31/06 | 6,654.00 |
| 6/21/06 | 510.00 |
| 6/29/06 | 34,812.00 |
| 8/11/06 | 44,157.00 |
| 8/23/06 | 7,290.00 |

43. The total amount distributed by Vini to Galileo as represented by Vini totaled $452,138.00.

44. At all material times during this period, Bonino, Ena Rita and Calita Corporation secured cases of wine from Vini and arranged for delivery of the wine to Donna and Galileo for

purposes of re-sale of the wine to customers of Galileo, which deliveries were accepted by the defendant Roberta Donna.

45. In return for these deliveries of wine to Galileo, defendant Donna paid sums of money, less than the full value or fair market price of the delivered wine to Bonino and Calita for resale at Galileo and Trattoria Bebo. Throughout this period, defendant Donna knew that Bonino, Ena Rita, and Calita Corporation, contrary to their instructions, intended to keep said money for their own self interests, and were not paying the sums to plaintiff.

46. As set forth above, Bonino instructed Donna to pay for the wine with checks payable to cash which were deposited into Calita's bank account.

47. Between January, 2006, and August, 2006, Donna provided Bonino with checks drawn on Galileo's Adams National Bank account and Fidelity Bank account totaling $257,900. Each of these checks were, as Bonino instructed, payable to cash.

48. On each of these checks payable to cash, Donna noted in the lower left-hand corner "Memo: Vini, Inc." There were a total of 92 checks delivered during this time period. The largest of which was $9,200.00, and the smallest of which was $900.00. Bonino and Ena Rita transferred the cash from the Calita account to their own use.

49. As agreed by Bonino and Donna, these checks totaled substantially less than the value of the wine that Bonino had caused to be delivered to Donna, as Donna knew full and well.

50. Between June, 2006 and September, 2006, there were numerous communications by email and otherwise between Donna and the plaintiff during which it became clear to Donna that the monies paid to Bonino were not furnished to Cascina. Despite repeated requests from Cascina for a full accounting of the wine supplied Donna repeatedly stalled and delayed and failed to answer such inquiries from plaintiff.

51. Bonino, Ena Rita, and Calita, by fraud and deception, have thus obtained at least $257,900.00 of monies owed to plaintiff. Bonino, Ena Rita, and Calita are thus liable to plaintiff for $257,900.00 plus pre and post-judgment interest plus costs.

52. On various occasions between January, 2006 and September, 2006, Donna orally and via correspondence and email, misrepresented to plaintiff that all of the wine received from Vini was to be utilized by Donna at Galileo.

53. Such statement was knowingly false because as Donna knew full well, he diverted some of the wine to Trattoria Bebo and did not utilize it at Galileo.

54. Donna and Galileo intended for plaintiff to rely on this misrepresentation, which plaintiff justifiably did for a period of time.

55. Donna and Galileo, thus by fraud and deception, obtained and resold the wine supplied by plaintiff without paying for said wine in full and without paying any money to plaintiff.

56. Additionally, Donna and Galileo, thus, owe plaintiff for payment of all plaintiff's wine that they have received from Vini, Inc.

57. Additionally, for their deliberate fraud and deception which was a willful and wanton act by Bonino, Ena Rita, Calita and Donna, are further liable to plaintiff for punitive damages.

**WHEREFORE**, plaintiff requests that the Court enter judgment in its favor and against defendants, Bonino, Ena Rita, and Calita in an amount equal to the funds which the defendants collected from Galileo and Donna, plus such punitive damages as deemed just and proper, plus pre-and post-judgment interest, costs and attorney fees.

## COUNT IV
## PLAINTIFF V. DEFENDANTS CORRADO BONINO, ENA RITA, CALITA CORPORATION, VINI, INC., AND ROBERTO DONNA, FOR CONSPIRACY

58. Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

59. From September 2005 through the present, Bonino, Ena Rita, Calita Corporation, Vini, Inc., Donna, and Galileo have agreed to and participated in a conspiracy to obtain wine from plaintiff without paying for said wine.

60. In furtherance of said conspiracy to defraud plaintiff of payment of the value of the wine at issue, the defendants have committed one or more overt acts including, but not limited to, the following:

(a) Vini, Inc., transferred wine obtained from plaintiff to defendants without demanding payment;

(b) Bonino, Ena Rita and Calita Corporation, obtained monies from Donna and Galileo and failed to pay this money to plaintiff; and

(c) Donna and Galileo obtained wine imported into the United States by plaintiff and deliberately and knowingly failed to pay plaintiff and resold said wine for a substantial profit.

61. As a result of this civil conspiracy, plaintiff has suffered compensatory damages.

62. Defendants so acted in a willful and wanton manner so as to make defendants further liable to plaintiff for punitive damages.

**WHEREFORE,** plaintiff requests judgment in his favor and against defendants Bonino, Ena Rita, Calita, Vini, Inc., Donna, and Galileo in an amount to fully compensate plaintiff for all wines delivered to Donna and Galileo and for which plaintiff has not been paid, plus punitive damages in an amount deemed just and proper, plus pre-and post judgment interest, costs and attorney fees.

## COUNT V
## UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

63. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

64. As set forth above, plaintiff has supplied in excess of $600,000 worth of wine to the defendants for which he has not been paid. As set forth above, each of the defendants received the wine and/or cash and converted said wine and cash to their own use without paying plaintiff for said wine.

65. Each of the defendants has thus been unjustly enriched in that benefits have been conferred on each of these defendants by plaintiffs and each of the defendants has accepted and retained such benefits without paying plaintiff.

66. It would be inequitable for the defendants to retain the benefits of their receipt of the wine or proceeds derived from the delivery of wine without paying plaintiff for the value of the benefits received.

67. As a result, each of the defendants has been unjustly enriched, and each defendant must pay plaintiff the value of the benefits so received by them.

**WHEREFORE**, plaintiff requests judgment in his favor and against defendants Bonino, Ena Rita, Calita, Vini, Inc., Donna, and Galileo in an amount equal to the value of the wine and the benefits received by defendants plus pre and post-judgment interests, costs and attorneys fees.

## COUNT VI
## ACCOUNTING

68. Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

69. As set forth above, plaintiff exported to the United States to Vini, Inc., in excess of $600,000 worth of fine Italian wine.

70. Vini, Inc., took possession of this wine, placed much of it in storage and over time, distributed the wine to Bonino, Calita, Donna, and Galileo and other third parties.

71. Despite repeated requests from plaintiff to each of the defendants for access to their records to review both what wines obtained from plaintiff they possessed and what wines obtained from plaintiff they sold to other defendants or third parties and what monies they paid to plaintiff, no such records have been produced.

72. Accordingly in addition to the compensatory and punitive damages requested above, an accounting is the only means to determine the scope of defendants wrongdoing, what happened to the wines imported by plaintiff and what monies have been distributed by defendants to other defendants which should have lawfully been paid to plaintiff.

73. Accordingly, in addition to the compensatory and punitive relief damage sought above, plaintiff requests an accounting to determine what happened to the wine that was delivered to Vini, Inc., and what monies have changed hands between defendants and not been remitted to plaintiff.

November 30, 2007                                    RESPECTFULLY SUBMITTED,

*[signature]*

Marc E. Miller, DC Bar # 948372
Alex Menendez, DC Bar # 470475
McLeod, Watkinson & Miller
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001
(202) 842-2345

Jack Meyerson
MEYERSON & O'NEIL
1700 Market Street, Suite 19103
Philadelphia, PA 19103
Telephone: 215-972-1376

Attorneys for Plaintiff

## VERIFICATION

JACK MEYERSON hereby verifies that he is counsel for the Plaintiff in this action; that he is authorized to make this Verification on plaintiff's behalf; that the statements made in the foregoing Amended Complaint are true and correct to the best of his knowledge, information and belief; and that these statements are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____s_____
JACK MEYERSON

DATE: November 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing AMENDED COMPLAINT has been served via e-mail transmission and first class mail upon the following counsel of record:

Michael E. Tucci
STINSON MORRISON HECKER, LLP
1150 18th Street, NW
Suite 800
Washington, DC 20036-3816
mtucci@stinson.com

Counsel for Defendant Roberto Donna

I hereby certify that a true and correct copy of the foregoing AMENDED COMPLAINT has been served via first class mail upon the following parties:

Vini, Inc.
c/o D.C. Superintendent of Corporartions
941 North Capitol Street, NE
Washington DC 20002

Calita Corporation
c/o Roberto Donna, Principal
1110 21st Street, NW
Washington, DC 20036

_____
Alex Menendez