UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
                                   )
CASCINA ca de LUPIS S.r.l          )
                                   )
     Plaintiff,                    )
                                   )   Case No. 07-1372
v.                                 )
                                   )
CORRADO BONINO et al.,             )   Judge Reggie B. Walton
                                   )
                                   )
     Defendant.                    )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CORRADO BONINO'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Corrado Bonino ("Bonino"), by his undersigned counsel, moves to dismiss the Amended Complaint for lack of subject matter jurisdiction, or in the alternative, to dismiss the Amended Complaint as to him under Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

This case involves a rather straight-forward dispute over the purchase of wine from Italy, and allegations that the importer, after re-selling it in the United States, failed to pay for the wine.

Plaintiff, Cascina ca de Lupis, ("Cascina") alleges it sold wine to Defendant, Vini, Inc., a wine importer within the District of Columbia, and that Vini, Inc. then resold the wine to Galileo Restaurant ("Galileo"), which Cascina alleges to be owned by Defendant, Roberto Donna ("Donna")[1]. *See* Amended Complaint at ¶ 1. The Amended Complaint further alleges that Plaintiff did not receive full payment for the wine because Defendants Bonino and Calita

---

[1] But the records of this Court show that Galileo restaurant is in fact owned by S.E.R. Corporation. *See* United States Bankruptcy Court for the District of Columbia, Docket No. 04-01249.

Corporation ("Calita") directed Galileo to make payments for the wine, in an amount less than the sale price of the wine, to Calita rather than Vini, Inc.  *See* Amended Complaint at ¶ 1.

The Amended Complaint should be dismissed because this Court does not have subject matter jurisdiction.  As discussed below, diversity jurisdiction does not exist if both plaintiff and defendant are aliens.  Here, Plaintiff and Defendant Bonino are citizens of Italy.  In the alternative, the Amended Complaint as to Bonino should be dismissed with prejudice because the allegations against him fail to state a claim for which relief may be granted.

## II.    SUMMARY OF ALLEGATIONS

On July 27, 2007, Plaintiff filed a five-count Complaint against Bonino, Ena Rita ("Rita"), Calita, Vini, Inc., and Donna.  Count I alleged breach of contract against Vini, Inc; Count II alleged fraud and conversion against Bonino, Rita, and Calita; Count III alleged fraud and conversion against Donna; Count IV alleged conspiracy against Donna; and Count V sought an accounting.  On November 30, 2001 Plaintiff filed a six-count Amended Complaint against Bonino, Rita, Calita, Vini, Inc., and Donna.  Count I alleges breach of contract against Vini, Inc; Count II alleges negligence against Vini, Inc., Count III alleges fraud and conversion against Bonino, Rita, Calita, and Donna; Count IV alleges conspiracy against Bonino, Rita, Calita, Vini, Inc., and Donna; Count V alleges unjust enrichment as to all defendants, and Count VI seeks an accounting.  In the Amended Complaint, Plaintiff raises the following allegations against Bonino, which are taken as true solely for purposes of this motion:

- Bonino, Rita, and Calita encouraged and assisted Vini, Inc. and plaintiff in supplying Donna and Galileo with at least $415,000 worth of wine imported by Vini, Inc. from plaintiff.  *See* Amended Complaint, ¶ 40.

- Bonino arranged transfers of wine from Vini, Inc. to Galileo between December 31, 2005 and August 23, 2006. *See* Amended Complaint, ¶ 42.

- On or before January 5, 2006 Bonino entered into an agreement with Donna that instead of paying Cascina for the wine Donna would pay Bonino a percentage of the money owed Cascina. Bonino in turn would work to assure a continuing supply of wines for Donna from Cascina through Vini, Inc. Donna would in turn sell wine for a profit at Galileo and at Trattoria Bebo. *See* Amended Complaint, ¶ 17.

- Bonino and Donna further agreed that Donna would employ Bonino at Trattoria Bebo and Bonino would have an ownership interest in Trattoria Bebo. *See* Amended Complaint, ¶ 18.

- Rita was personally involved and assisted Bonino in all of his business activities. *See* Amended Complaint, ¶ 4.

- Between January 5, 2006 and August 22, 2006 Donna caused a series of checks to be issued from Galileo's bank accounts at Fidelity Bank and Adams National Bank. *See* Amended Complaint, ¶ 20. Each of these checks were made payable to cash and furnished to Bonino. Bonino deposited these checks into Calita's account. The checks issued from Galileo to Bonino and Calita totaled $257,900. These payments were substantially less than the value and cost of the wine received by Donna and utilized by Galileo and Trattoria Bebo. *See* Amended Complaint, ¶ 20.

- Donna knew that Bonino, Rita and Calita, contrary to their instructions, intended to keep said money for their own self interests and were not paying the sums to Plaintiff. *See* Amended Complaint, ¶ 45.

- Bonino and Rita transferred the cash from the Calita account to their own use. *See* Amended Complaint, ¶ 48.

- Between January 1 and continuing up to the date of the filing of this lawsuit, Bonino, Rita, Calita, and Donna participated in a scheme to defraud Plaintiff of all wine supplied through Vini, Inc. to Donna. *See* Amended Complaint, ¶ 38.

- Bonino, Rita, and Calita, through fraud and deception, have obtained at least $257,900 of monies owed to Plaintiff. Bonino, Rita, and Calita are liable to Plaintiff for $257,900, plus pre and post-judgment interest, plus cost. *See* Amended Complaint, ¶ 51.

- From September 2005 through the present Bonino, Rita, Calita, Vini, Inc, Donna, and Galileo have agreed to and participated in a conspiracy to obtain wine from Plaintiff without paying for said wine. *See* Amended Complaint, ¶ 59.

### III.   ARGUMENT

**A.   This Court does not have Subject Matter Jurisdiction**

Plaintiff is an Italian corporation with its principal place of business in Italy. *See* Amended Complaint, ¶ 2. Defendant Bonino is an Italian citizen with a residence in Italy. *See* Declaration of Corrado Bonino, attached hereto as Exhibit A. Diversity jurisdiction does not exist if there are aliens on both sides of a matter, as there are here.

In *Saadeh v. Farouki,* 107 F.3d 52 (C.A.D.C.1997) this Circuit held that even after the 1988 amendment to 11 U.S.C. § 1332, diversity jurisdiction does not exist in a lawsuit with aliens on both sides. This Circuit has found that to be true regardless of the state of residence of the aliens. *Saadeh*, 107 F.3d at 61, *see also Thompson v. Deloitte & Touche LLP*, 503 F.Supp.2d 1118, 1129 (S.D.Iowa,2007), *citing Saadeh*, 107 F.3d at 52 ("Even if Plaintiffs were able to demonstrate that the alien partners are permanent residents domiciled in the U.S. where they are

'working and residing,' complete diversity jurisdiction still could not be maintained because aliens are present on both sides of the controversy.").

Accordingly, the Amended Complaint should be dismissed because this Court lacks subject matter jurisdiction.

**B.      12(b)(6) Standard.**

Federal Rule of Civil Procedure 12(b)(6) states that a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Construing Rule 12(b)(6), the court in *Taylor v. F.D.I.C.*, 132 F.3d 753, 761 (C.A.D.C.1997), stated that dismissal is proper when, taking the allegations as true and construed in a light most favorable to the plaintiff, the court finds the material elements of a cause of action have not been plead. In *Mount v. Barren*, 154 F.Supp.2d 3 (D.D.C.2001) this Court stated:

> A Motion to Dismiss under Rule 12(b)(6) tests not whether the Plaintiff will prevail in the merits, but instead whether the Plaintiff has properly stated a claim.  A Court may dismiss a Complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Although facts must be construed in a light most favorable to the plaintiff, a court does not have to "accept bare conclusory allegations as fact." *Taylor*, 132 F.3d at 762 (C.A.D.C.1997), *see also Domen v. National Rehabilitation Hospital*, 925 F. Supp. 830, 837 (D.D.C.1996). Nor does a court have to accept inferences offered by the plaintiff that are not supported by the facts alleged in the complaint. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

Here, even construing the facts in a light most favorable to Plaintiff and accepting Plaintiff's allegations as true, the Amended Complaint fails to state a cause of action against Bonino for fraud, conversion, conspiracy, or for unjust enrichment.

1.  **The allegations against Bonino fail to state a <u>cause of action for fraud.</u>**

Plaintiff's cause of action for fraud against Bonino is inappropriate as it is at most a contract claim masquerading as a tort claim. As stated by the District of Columbia Court of Appeals in *Blake Construction Co, Inc. v. C.J. Coakley Co., Inc.*, 431 A.2d 569, 577 (D.C.App.1981):

> When two parties are in dispute over performance under a contract, their recourse lies in a legal suit under the contract and not in an action in tort unless there are exceptional circumstances of a violation of duty imposed by statute or law beyond the contract's terms.

The wine in question was sold pursuant to a contract between Plaintiff and Vini, Inc. That contract presumably included payment provisions. Plaintiff has not alleged, nor could it, that Bonino had a statutory or legal duty to pay for the wine.

But even if it is proper for Plaintiff to bring a cause of action for fraud against Bonino, that claim cannot stand.

In order to plead a cause of action for fraud, a plaintiff must allege: "(1) a false representation; (2) concerning a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) upon which reliance is placed." *Auto World Inc. v. District of Columbia*, 627 A.2d 11, 16 (D.C.1993), *citing Higgs v. Higgs,* 472 A.2d 875, 876 (D.C.1984).

Allegations of fraud are also subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, that is, they must be pleaded with particularity.[2] *In re U.S. Office Products*, 326 F.Supp.2d 68, 82 (D.D.C.2004). Rule 9(b) provides that that "[I]n all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity."

---

[2] The lack of particularity in violation of Rule 9(b) is an additional grounds for dismissal.

The "circumstances" that must be pleaded include the "time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *Firestone v. Firestone*, 76 F.3d 1205, 1211 (C.A.D.C.1996), *citing Kowal,* 16 F.3d at 1278, *see also*, *Hite v. Leeds Weld Equity Partners*, 429 F. Supp.2d 110, 115 (D.D.C.2006). "With respect to omissions, the Plaintiff must plead the type of facts omitted, the type of document in which they should have appeared and the way in which their omission made the documents misleading." *Hite*, 429 F.Supp.2d at 115 (D.D.C.2006), *citing Fujisawa Pharm. v. Kapoor,* 814 F.Supp. 720, 727 (N.D.Ill.1993).

In light of this pleading standard, the fraud allegation against Bonino fails because Plaintiff does not allege the time or place of any misrepresentation by Bonino. In fact, the Amended Complaint fails to allege that Bonino made any representation at all to Plaintiff, let alone a false representation, concerning a material fact, made with the knowledge of its falsity, with the intent to deceive, which was relied upon by Plaintiff.

Thus, the fraud claim contained in Count III fails to state a cause of action against Bonino, and should be dismissed.

**2.    The allegations against Bonino do not state a cause of action for conversion.**

The tort of conversion is the "unlawful exercise of ownership, dominion and control over the personal property of another in denial or repudiation of that person's right thereto." *O'Callaghan v. District of Columbia*, 741 F.Supp. 273, 279 (D.D.C.1990), *see also, Fay v. Perles*, 484 F.Supp.2d 12, 15 (D.D.C.2007). Where the defendant's initial possession is lawful, "demand for a return of the property is necessary to show the adverse nature of the possession." *Mansur v. Albright*, 130 F.Supp.2d 48, 58 (D.D.C.2001), *citing Shea v. Fridley,* 123 A.2d 358,

361 (D.C.1956). Moreover, conversion is inappropriate to enforce an obligation to pay money. *Calvetti v. Antcliff*, 346 F.Supp.2d 92, 106 (D.D.C. 2004).

Here, the Amended Complaint fails to state a conversion claim because it is unclear what property Bonino is exercising dominion over. The Amended Complaint alleges that Bonino, without authorization from Plaintiff and posing as general director and sales coordinator of Plaintiff, directed Donna to make payments for an amount less than the sales price of the wine in the form of checks payable to cash, which were deposited into Calita's bank account. *See* Amended Complaint, ¶ 1. Plaintiff further alleges that Bonino, Rita, and Calita encouraged and assisted Vini, Inc. and Plaintiff in supplying Donna and Galileo with at least $415,000 worth of wine imported by Vini, Inc. for Plaintiff. *See* Amended Complaint, ¶ 40.

In keeping with the definition of conversion stated above, if Bonino merely encouraged and assisted Vini, Inc. to supply Donna and Galileo with wine, he cannot be liable for conversion. *O'Callaghan*, 741 F.Supp. at 279. Moreover, according to the principle stated in *Calvetti*, if the Plaintiff is seeking money to satisfy a debt, Plaintiff cannot obtain those funds through a conversion action. *Calvetti*, 346 F.Supp.2d at 106.

Finally, the Amended Complaint fails to allege that Plaintiff made any demand upon Bonino for return of the payments. As such, if the wine was delivered to Donna and Galileo by Vini, Inc. by lawful means, an action for conversion cannot stand. *Mansur,* 130 F.Supp.2d at 48.

The allegations of conversion contained in Count III fail to state a cause of action against Bonino, and should be dismissed.

    **3.**    <u>**The allegations against Bonino do not state a claim for conspiracy.**</u>

To succeed on its cause of action for civil conspiracy, Plaintiff must allege that Bonino formed and operated the conspiracy and committed wrongful acts in furtherance of a common scheme, and as a result, damages were suffered by Plaintiff. *Higgs v. Higgs*, 472 A.2d 875, 877

(D.D.C.1984). Further, civil conspiracy is not an independent tort, but a means to establish liability for another tort. *Furash & Co., Inc., v. McLave*, 130 F.Supp.2d 48, 54-55 (D.D.C.2001).

Count IV of the Amended Complaint alleges that Defendants agreed and participated in a conspiracy to obtain wine from Cascina without paying for that wine. *See* Amended Complaint at ¶ 59.  Count IV further alleges that:

- Vini, Inc. transferred wine obtained from Plaintiff to Defendants without demanding payment;

- Bonino, Rita, and Calita obtained monies from Donna and Galileo and failed to pay those monies to Plaintiff; and

- Defendants obtained the wine imported into the United States by Plaintiff[3], and deliberately and knowingly failed to pay Plaintiff, and resold that wine for a substantial profit. *See* Amended Complaint, ¶ 40.

Pursuant to *Higgs*, as stated above, to prevail on a claim of conspiracy Plaintiff must have alleged that Bonino committed wrongful acts in furtherance of a common scheme, which in this case would presumably be fraud and/or conversion. The conspiracy claim fails to state a cause of action because it is derivative of the fraud and conversion counts. Because those counts fail to state a claim, the conspiracy count is meaningless and cannot survive.

Thus, the allegation of conspiracy contained in Count IV fails to state a cause of action against Bonino and should be dismissed.

---

[3] As noted above, Plaintiff has failed to identify any legal obligation, such as a contract, wherein the Defendants, other than Vini, Inc. became obligated to pay Plaintiff for the wine.  Indeed, only Vini, Inc., a licensed importer, could lawfully contract with Plaintiff for the importation of the wine.  *See* District of Columbia Official Code § 25-

### 4. The allegations against Bonino do not state a claim for unjust enrichment

To prevail on a claim for unjust enrichment a plaintiff must successfully plead that "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *News World Communications, Inc. v. J.S. Thompsen*, 878 A.2d 1218, 1222 (D.C.2005), *citing 4934, Inc. v. District of Columbia Dep't of Employment Servs.*, 605 A.2d 50, 55 (D.C.1992).

A plaintiff may not recover on a theory of unjust enrichment if that plaintiff has not conferred a benefit on the defendant. *See Acme Plastics of New Jersey, Inc. v. International Fixtures LTD*, 2007 WL 4300157, at *5 (December 5, 2007,D.N.J.), *quoting Eli Lilly & Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 496 (D.N.J.1998) ("it is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim.").

Because, according to the facts as plead in the Amended Complaint, Bonino received payments from Galileo and/or Donna, not from Plaintiff, Plaintiff has not conferred a benefit on Bonino, and therefore, Plaintiff cannot recover against Bonino on a claim of unjust enrichment.

Thus, the allegation of unjust enrichment contained in Count V fails to state a cause of action against Bonino and should be dismissed.

---

772(a). In addition, Vini, Inc. could only sell the wine to a licensed retailer, such as Galileo/S.E.R. Corporation, not the individual defendants in this matter. *See* District of Columbia Official Code § 25-772(b).

## IV.   CONCLUSION

The Amended Complaint should be dismissed because this Court does not have subject matter jurisdiction. As stated above, there are aliens on both sides of this matter, and as such, diversity jurisdiction does not exist.

Furthermore, the Amended Complaint fails to state a cause of action for fraud, especially in light of Rule 9's heightened pleading requirements—there is simply insufficient detail in the Amended Complaint. The claim for conversion also fails as it is not clear what property has been converted, and because Bonino was never in possession of the alleged converted property. Moreover, if Plaintiff merely seeks payment of a debt, conversion is not the correct cause of action. In addition, as the conspiracy claim is derivative of the fraud and conversion claims, and Plaintiff has failed to state a claim as to those counts, Plaintiff's conspiracy claim must also fail. Lastly, because Plaintiff cannot demonstrate that it conferred a benefit on Bonino, Bonino has not been unjustly enriched by Plaintiff, and Count V as to Bonino must fail. Accordingly, the Amended Complaint as against Bonino should be dismissed with prejudice.

Dated: January 2, 2008                         Respectfully submitted,

/s/ Jaime S. Dibble
Michael E. Tucci, No. 430470
Jaime S. Dibble, No. 493079
Stinson Morrison Hecker LLP
1150 18th Street, NW
Suite 800
Washington, DC 20036
Tel. (202) 728-9100
Fax. (202) 785-9163
*Attorneys for Defendant Corrado Bonino*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 2, 2008, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss, was served by first class mail, postage prepaid upon the following:

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, DC 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103

              /s/ Jaime S. Dibble
              Jaime S. Dibble

Exhibit A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASCINA ca de LUPIS S r l ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No 07-1372 |
| v. ) | |
| ) | |
| CORRADO BONINO et al , ) | Judge Reggie B. Walton |
| ) | |
| Defendant ) | |

### DECLARATION OF CORRADO BONINO

The undersigned deposes and states:

1. My name is Corrado Bonino  I am over the age of eighteen, have personal knowledge of all matters set forth herein, and am otherwise competent to testify to all matters herein

2. I am a defendant in the above-captioned matter

3. As the attached document from the Italian Embassy demonstrates, I am a citizen and resident of Italy.

4. Pursuant to 28 U S C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER, AFFIANT SAYETH NOT

Executed on December____, 2007

_____
Corrado Bonino

DB03-800616 000/8331079.1

## AMBASCIATA D'ITALIA
## WASHINGTON

**DOCUMENTO DI VIAGGIO N°**  15/2006

**Valido fino al**  21/12/2006



Cognome e Nome :  **BONINO CORRADO**

Luogo e data di nascita :  **FOSSANO (CN) il 5/28/1964**

Residente in :  **VIA E.DUSE 5**

Città :  **CARMAGNOLA (TO)**

Statura :  **175** cm    Colore occhi : **MARRONE**

Firma del titolare

Il presente documento e' rilasciato per patito ~~FURTO~~/SMARRIMENTO/~~SCADENZA~~ del PASSAPORTO/CARTA D' IDENTITA' /ALTRO DOCUMENTO DI VIAGGIO alla persona sopraindicata, con validita' di passaporto solo per i Paesi di necessario transito per il rientro in Italia.

### TO WHOM IT MAY CONCERN

This is to certify that the above mentioned Italian citizen, holder of present Travel Document issued by this office in replacement of his previous travel document, which has been declared lost/~~stolen/expired~~, is an Italian national who is returning to Italy.

Il funzionario incaricato
Il vice Commissario Amm.vo
D.ssa Marinella Flamini

WASHINGTON, 12/11/2006