UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____

                                        )
CASCINA ca de LUPIS S.r.l               )
                                        )
        Plaintiff,                      )
                                        )      Case No. 07-1372
v.                                      )
                                        )
CORRADO BONINO et al.,                  )      Judge Reggie B. Walton
                                        )
                                        )
        Defendant.                      )
_____)

**ROBERTO DONNA'S MOTION TO DISMISS UNDER FEDERAL RULE
OF CIVIL PROCEDURE 12(b)(6)**

        Defendant Roberto Donna ("Donna"), by his undersigned counsel, moves to dismiss the

Amended Complaint as to him under Federal Rule of Civil Procedure 12(b)(6).  The Amended

Complaint should be dismissed because it fails to state a claim upon which relief may be granted.

        With this Motion, Donna is filing a Memorandum of Law in Support outlining the legal

and factual basis for dismissal of the Amended Complaint.  For the reasons set forth in the

Memorandum of Law, Donna requests that this Court dismiss the Amended Complaint as to him.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DB03/809616.0002/8351662.1

WHEREFORE, defendant Donna respectfully requests that this Court enter an order:

a.    Dismissing the Amended Complaint with prejudice as against Donna for failure to

state a claim upon which relief may be granted; and

b.    Granting such other relief as this Court deems just and equitable.


Dated: January 7, 2008                           Respectfully submitted,


                                                 /s/ Jaime S. Dibble
                                                 Michael E. Tucci, No. 430470
                                                 Jaime S. Dibble, No. 493079
                                                 Stinson Morrison Hecker LLP
                                                 1150 18th Street, NW, Suite 800
                                                 Washington, DC 20036
                                                 Tel. (202) 728-9100
                                                 Fax. (202) 785-9163
                                                 Email: mtucci@stinson.com
                                                 Email: dclark@stinson.com
                                                 Email: jdibble@stinson.com
                                                 *Attorneys for Roberto Donna*

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on January 7, 2008, a copy of the foregoing Motion to Dismiss and Proposed Order were served by first class mail, postage prepaid, upon the following:

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, DC 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103

             <u>/s/ Jaime S. Dibble</u>
             Jaime S. Dibble

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| CASCINA ca de LUPIS S.r.l | ) |
|  | ) |
| Plaintiff, | ) |
|  | )    Case No. 07-1372 |
| v. | ) |
|  | ) |
| CORRADO BONINO et al., | )    Judge Reggie B. Walton |
|  | ) |
|  | ) |
| Defendant. | ) |

_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROBERTO DONNA'S
MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Roberto Donna ("Donna"), by his undersigned counsel, moves to dismiss the Amended

Complaint as to him under Federal Rule of Civil Procedure12(b)(6).

## I.    INTRODUCTION

This case involves a rather straight-forward dispute over the purchase of wine from Italy,

and allegations that the importer, after re-selling it in the United States, failed to pay for the

wine.

Plaintiff, Cascina ca de Lupis, ("Cascina") alleges it sold wine to Defendant, Vini, Inc., a

wine importer within the District of Columbia, and that Vini, Inc. then resold the wine to Galileo

Restaurant ("Galileo"), which Cascina alleges to be owned by Defendant, Roberto Donna

("Donna")[1]. *See* Amended Complaint at ¶ 1.  The Amended Complaint further alleges that

Plaintiff did not receive full payment for the wine because Defendants Bonino and Calita

Corporation ("Calita") directed Galileo to make payments for the wine, in an amount less than

the sale price of the wine, to Calita rather than Vini, Inc.  *See* Amended Complaint at ¶ 1.

The Amended Complaint as to Donna should be dismissed with prejudice because the allegations against him fail to state a claim for which relief may be granted.

## II.    SUMMARY OF ALLEGATIONS

On July 27, 2007, Plaintiff filed a five-count Complaint against Bonino, Ena Rita ("Rita"), Calita, Vini, Inc., and Donna.  Count I alleged breach of contract against Vini, Inc; Count II alleged fraud and conversion against Bonino, Rita, and Calita; Count III alleged fraud and conversion against Donna; Count IV alleged conspiracy against Donna; and Count V sought an accounting.  On November 30, 2007 Plaintiff filed a six-count Amended Complaint against Bonino, Rita, Calita, Vini, Inc., and Donna.  Count I alleges breach of contract against Vini, Inc; Count II alleges negligence against Vini, Inc., Count III alleges fraud and conversion against Bonino, Rita, Calita, and Donna; Count IV alleges conspiracy against Bonino, Rita, Calita, Vini, Inc., and Donna; Count V alleges unjust enrichment as to all defendants, and Count VI seeks an accounting. In the Amended Complaint, Plaintiff raises the following allegations, which are taken as true solely for purposes of this motion:

- Bonino, Rita, and Calita encouraged and assisted Vini, Inc. and plaintiff in supplying Donna and Galileo with at least $415,000 worth of wine imported by Vini, Inc. from plaintiff.  *See* Amended Complaint, ¶ 40.

- Bonino arranged transfers of wine from Vini, Inc. to Galileo between December 31, 2005 and August 23, 2006. *See* Amended Complaint, ¶ 42.

- On or before January 5, 2006 Bonino entered into an agreement with Donna that instead of paying Cascina for the wine Donna would pay Bonino a percentage of the money owed Cascina.  Bonino in turn would work to assure a continuing supply of wines for Donna

---

[1] But the records of this Court show that Galileo restaurant is in fact owned by S.E.R. Corporation.  *See* United States Bankruptcy Court for the District of Columbia, Docket No. 04-01249.

from Cascina through Vini, Inc.  Donna would in turn sell wine for a profit at Galileo and at Trattoria Bebo.  *See* Amended Complaint, ¶ 17.

- Bonino and Donna further agreed that Donna would employ Bonino at Trattoria Bebo and Bonino would have an ownership interest in Trattoria Bebo.  *See* Amended Complaint, ¶ 18.

- Rita was personally involved and assisted Bonino in all of his business activities. *See* Amended Complaint, ¶ 4.

- Between January 5, 2006 and August 22, 2006 Donna caused a series of checks to be issued from Galileo's bank accounts at Fidelity Bank and Adams National Bank.  *See* Amended Complaint, ¶ 20.  Each of these checks were made payable to cash and furnished to Bonino.  Bonino deposited these checks into Calita's account.  The checks issued from Galileo to Bonino and Calita totaled $257,900.  These payments were substantially less than the value and cost of the wine received by Donna and utilized by Galileo and Trattoria Bebo. *See* Amended Complaint, ¶ 20.

- Donna knew that Bonino, Rita and Calita, contrary to their instructions, intended to keep said money for their own self interests and were not paying the sums to Plaintiff. *See* Amended Complaint, ¶ 45.

- Bonino and Rita transferred the cash from the Calita account to their own use. *See* Amended Complaint, ¶ 48.

- Between January 1 and continuing up to the date of the filing of this lawsuit, Bonino, Rita, Calita, and Donna participated in a scheme to defraud Plaintiff of all wine supplied through Vini, Inc. to Donna.  *See* Amended Complaint, ¶ 38.

- Bonino, Rita, and Calita, through fraud and deception, have obtained at least $257,900 of monies owed to Plaintiff.  Bonino, Rita, and Calita are liable to Plaintiff for $257,900, plus pre and post-judgment interest, plus cost. *See* Amended Complaint, ¶ 51.

- From September 2005 through the present Bonino, Rita, Calita, Vini, Inc, Donna, and Galileo have agreed to and participated in a conspiracy to obtain wine from Plaintiff without paying for said wine.  *See* Amended Complaint, ¶ 59.

## III.    ARGUMENT

### A.    12(b)(6) Standard.

Federal Rule of Civil Procedure 12(b)(6) states that a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Construing Rule 12(b)(6), the court in *Taylor v. F.D.I.C.*, 132 F.3d 753, 761 (C.A.D.C.1997), stated that dismissal is proper when, taking the allegations as true and construed in a light most favorable to the plaintiff, the court finds the material elements of a cause of action have not been plead. In *Mount v. Barren*, 154 F.Supp.2d 3 (D.D.C.2001) this Court stated:

> A Motion to Dismiss under Rule 12(b)(6) tests not whether the Plaintiff will prevail in the merits, but instead whether the Plaintiff has properly stated a claim.  A Court may dismiss a Complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Although facts must be construed in a light most favorable to the plaintiff, a court does not have to "accept bare conclusory allegations as fact." *Taylor*, 132 F.3d at 762 (C.A.D.C.1997), *see also Domen v. National Rehabilitation Hospital*, 925 F. Supp. 830, 837 (D.D.C.1996). Nor does a court have to accept inferences offered by the plaintiff that are not supported by the facts alleged in the complaint. *Kowal v. MCI Communications Corp*., 16 F.3d 1271, 1276 (D.C.Cir.1994).

Here, even construing the facts in a light most favorable to Plaintiff and accepting

Plaintiff's allegations as true, the Amended Complaint fails to state a cause of action against

Donna for fraud, conversion, conspiracy, or for unjust enrichment.

### 1.    The allegations against Donna fail to state a cause of action for fraud.

Plaintiff's cause of action for fraud against Donna fails as it is at most a contract claim

masquerading as a tort claim.  As stated by the District of Columbia Court of Appeals in *Blake*

*Construction Co, Inc. v. C.J. Coakley Co., Inc.*, 431 A.2d 569, 577 (D.C.App.1981):

> When two parties are in dispute over performance under a contract, their
> recourse lies in a legal suit under the contract and not in an action in tort
> unless there are exceptional circumstances of a violation of duty imposed by
> statute or law beyond the contract's terms.

The wine in question was sold pursuant to a contract between Plaintiff and Vini, Inc.

That contract presumably included payment provisions.  Plaintiff has not alleged, nor could it,

that Donna had a statutory or legal duty to pay for the wine.

But even if it is proper for Plaintiff to bring a cause of action for fraud against Donna,

that claim cannot stand.

In order to plead a cause of action for fraud, a plaintiff must allege:  "(1) a false

representation; (2) concerning a material fact; (3) made with knowledge of its falsity; (4) with

the intent to deceive; and (5) upon which reliance is placed."  *Auto World Inc. v. District of*

*Columbia*, 627 A.2d 11, 16 (D.C.1993), *citing Higgs v. Higgs,* 472 A.2d 875, 876 (D.C.1984).

Allegations of fraud are also subject to the heightened pleading requirements of Rule 9(b)

of the Federal Rules of Civil Procedure, that is, they must be pleaded with particularity.[2]  *In re*

*U.S. Office Products*, 326 F.Supp.2d 68, 82 (D.D.C.2004).  Rule 9(b) provides that that "[I]n all

---

[2] The lack of particularity in violation of Rule 9(b) is an additional grounds for dismissal.

averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with

particularity."

The "circumstances" that must be pleaded include the "time, place and content of the

false misrepresentations, the fact misrepresented and what was retained or given up as a

consequence of the fraud." *Firestone v. Firestone*, 76 F.3d 1205, 1211 (C.A.D.C.1996), *citing*

*Kowal,* 16 F.3d at 1278, *see also*, *Hite v. Leeds Weld Equity Partners*, 429 F. Supp.2d 110, 115

(D.D.C.2006). "With respect to omissions, the Plaintiff must plead the type of facts omitted, the

type of document in which they should have appeared and the way in which their omission made

the documents misleading." *Hite*, 429 F.Supp.2d at 115 (D.D.C.2006), *citing Fujisawa Pharm.*

*v. Kapoor,* 814 F.Supp. 720, 727 (N.D.Ill.1993).

In light of this pleading standard, the fraud allegation against Donna fails because

Plaintiff does not allege the time or place of any misrepresentation by Donna.  The Amended

Complaint fails to allege that Donna made a false representation, concerning a material fact,

made with the knowledge of its falsity, with the intent to deceive, which was relied upon by

Plaintiff.[3]

Thus, the fraud claim contained in Count III fails to state a cause of action against Donna,

and should be dismissed.

> **2.     The allegations against Donna do not state a cause
> of action for conversion.**

The tort of conversion is the "unlawful exercise of ownership, dominion and control over

the personal property of another in denial or repudiation of that person's right thereto."

*O'Callaghan v. District of Columbia*, 741 F.Supp. 273, 279 (D.D.C.1990), *see also, Fay v.*

---

[3] While the Amended Complaint Alleges that Donna misrepresented to Cascina that all of the wine received from
Vini, Inc. was to be utilized by Donna at Galileo, and that in fact some of the wine was used at Trattoria Bebo, even
if correct that statement is not a false representation concerning a material fact.

*Perles*, 484 F.Supp.2d 12, 15 (D.D.C.2007). Where the defendant's initial possession is lawful, "demand for a return of the property is necessary to show the adverse nature of the possession." *Mansur v. Albright*, 130 F.Supp.2d 48, 58 (D.D.C.2001), *citing Shea v. Fridley,* 123 A.2d 358, 361 (D.C.1956). Moreover, conversion is inappropriate to enforce an obligation to pay money. *Calvetti v. Antcliff*, 346 F.Supp.2d 92, 106 (D.D.C. 2004).

Here, the Amended Complaint fails to state a conversion claim because it is unclear what property Donna is exercising dominion over. The Amended Complaint alleges that "Donna obtained and resold wine supplied by Cascina." Amended Complaint at ¶ 44. Accordingly, and in keeping with the definition of conversion stated above, if Donna resold the wine, he cannot be liable for conversion.

Moreover, according to the principle stated in *Calvetti*, if the Plaintiff is seeking money to satisfy a debt, Plaintiff cannot obtain those funds through a conversion action. *Calvetti*, 346 F.Supp.2d at 106.

Finally, the Amended Complaint fails to allege that Plaintiff made any demand upon Donna for return of the wine. As such, if the wine was delivered to Donna and Galileo by Vini, Inc. by lawful means, an action for conversion cannot stand. *Mansur,* 130 F.Supp.2d at 48.

The allegations of conversion contained in Count III fail to state a cause of action against Donna, and should be dismissed.

### 3.   The allegations against Donna do not state a claim for conspiracy.

To succeed on its cause of action for civil conspiracy, Plaintiff must allege that Donna formed and operated the conspiracy and committed wrongful acts in furtherance of a common scheme, and as a result, damages were suffered by Plaintiff. *Higgs v. Higgs*, 472 A.2d 875, 877 (D.D.C.1984). Further, civil conspiracy is not an independent tort, but a means to establish liability for another tort. *Furash & Co., Inc., v. McLave*, 130 F.Supp.2d 48, 54-55 (D.D.C.2001).

Count IV of the Amended Complaint alleges that Defendants agreed and participated in a conspiracy to obtain wine from Cascina without paying for that wine. *See* Amended Complaint at ¶ 59.  Count IV further alleges that:

- Vini, Inc. transferred wine obtained from Plaintiff to Defendants without demanding payment;

- Bonino, Rita, and Calita obtained monies from Donna and Galileo and failed to pay those monies to Plaintiff; and

- Defendants obtained the wine imported into the United States by Plaintiff[4], and deliberately and knowingly failed to pay Plaintiff, and resold that wine for a substantial profit. *See* Amended Complaint, ¶ 40.

Pursuant to *Higgs*, as stated above, to prevail on a claim of conspiracy Plaintiff must have alleged that Donna committed wrongful acts in furtherance of a common scheme, which in this case would presumably be fraud and/or conversion. The conspiracy claim fails to state a cause of action because it is derivative of the fraud and conversion counts. Because those counts fail to state a claim, the conspiracy count is meaningless and cannot survive.

Thus, the allegation of conspiracy contained in Count IV fails to state a cause of action against Donna and should be dismissed.

### 4.    The allegations against Donna do not state a claim for unjust enrichment

To prevail on a claim for unjust enrichment a plaintiff must successfully plead that "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3)

---

[4] As noted above, Plaintiff has failed to identify any legal obligation, such as a contract, wherein the Defendants, other than Vini, Inc. became obligated to pay Plaintiff for the wine.  Indeed, only Vini, Inc., a licensed importer, could lawfully contract with Plaintiff for the importation of the wine.  *See* District of Columbia Official Code § 25-772(a).  In addition, Vini, Inc. could only sell the wine to a licensed retailer, such as Galileo/S.E.R. Corporation, not the individual defendants in this matter.  *See* District of Columbia Official Code § 25-772(b).

under the circumstances, the defendant's retention of the benefit is unjust." *News World Communications, Inc. v. J.S. Thompsen*, 878 A.2d 1218, 1222 (D.C.2005), *citing 4934, Inc. v. District of Columbia Dep't of Employment Servs.*, 605 A.2d 50, 55 (D.C.1992).

A plaintiff may not recover on a theory of unjust enrichment if that plaintiff has not conferred a benefit on the defendant. *See Acme Plastics of New Jersey, Inc. v. International Fixtures LTD*, 2007 WL 4300157, at *5 (December 5, 2007,D.N.J.), *quoting Eli Lilly & Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 496 (D.N.J.1998) ("it is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim.").

Because, according to the facts as plead in the Amended Complaint, S.E.R. Corporation, d/b/a Galileo Restaurant received wine from Vini, Inc., which it, not Donna, later resold. Donna did not benefit from Cascina, and Cascina cannot recover against Donna on a claim of unjust enrichment.

Thus, the allegations of unjust enrichment contained in Count V fail to state a cause of action against Donna and should be dismissed.

**B.    The Claims Against Donna Fail Because Donna is not a Licensee Under a Manufacturer's, Wholesaler's, or Retailer's License.**

As a preliminary matter, pursuant to District of Columbia Official Code § 25-772(b), "no public or common carrier shall transport or bring into the District wine, spirits, or beer in a quantity in excess of more than one quart in any one calendar month for delivery to any one person in the District other than the licensee under a manufacturer's, wholesaler's, or retailer's license."

SER Corporation, which is organized and existing under the laws of the District of Columbia, does business as Galileo.[5]  Donna is a citizen of the District of Columbia and is not a licensee under a manufacturer's, wholesaler's, or retailer's license.  Only S.E.R. Corporation is a District of Columbia retailer.  Accordingly, Donna could not have lawfully purchased and resold the wine in question.  The wine could only have been lawfully purchased and resold by S.E.R. Corporation.  As such, Donna could not incur any legal obligation or duty to pay for the wine.

## IV.    CONCLUSION

The Amended Complaint should be dismissed because it fails to state a cause of action for fraud, especially in light of Rule 9's  heightened pleading requirements—there is simply insufficient detail in the Amended Complaint.  The claim for conversion also fails as it is not clear what property has been converted, and because Donna was never in possession of the alleged converted property.  Moreover, if Plaintiff merely seeks payment of a debt, conversion is not the proper cause of action.  In addition, as the conspiracy claim is derivative of the fraud and conversion claims, and Plaintiff has failed to adequately state either claim, Plaintiff's conspiracy claim must also fail.  Lastly, because Plaintiff cannot demonstrate that it conferred a benefit on Donna, Donna has not been unjustly enriched by Plaintiff, and Count V as to Donna must fail.  Accordingly, the Amended Complaint as against Donna should be dismissed with prejudice.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

---

[5] The fact that S.E.R. Corporation does business as Galileo is a matter of record in this Court.  *See* Bankruptcy Court Docket Number 04-01249.

Dated: January 7, 2008                    Respectfully submitted,

                                          /s/ Jaime S. Dibble
                                          Michael E. Tucci, No. 430470
                                          Jaime S. Dibble, No. 493079
                                          Stinson Morrison Hecker LLP
                                          1150 18th Street, NW
                                          Suite 800
                                          Washington, DC 20036
                                          Tel. (202) 728-9100
                                          Fax. (202) 785-9163
                                          *Attorneys for Defendant Roberto Donna*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 7, 2008, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss, was served by first class mail, postage prepaid upon the following:

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, DC 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103


/s/ Jaime S. Dibble
Jaime S. Dibble

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____

)
CASCINA ca de LUPIS S.r.l                     )
                                              )
        Plaintiff,                            )
                                              )        Case No. 07-1372
v.                                            )
                                              )
CORRADO BONINO et al.,                        )        Judge Reggie B. Walton
                                              )
                                              )
        Defendant.                            )
_____)

**ORDER GRANTING DEFENDANT ROBERTO DONNA'S MOTION TO DISMISS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

This matter came before the Court on Defendant Roberto Donna's Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), and Memorandum of Law in support thereof.

Upon consideration of the Motion and Memorandum, and any opposition thereto, this Court

finds that good cause exists to grant the relief requested, and it is hereby:

**ORDERED** that the Motion be, and it hereby is, **GRANTED IN ITS ENTIRETY**; and

it is

**FURTHER ORDERED**, that the Amended Complaint is dismissed as to Roberto Donna

with prejudice.

Dated:_____              _____

                                   The Honorable Reggie B. Walton
                                   United States District Court Judge

DB03/809616.0002/8351669.1

Copies to:

Michael E. Tucci, Esq.
Jaime S. Dibble, Esq.
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, DC 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103