UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CASCINA ca de LUPIS S.r.I | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:07 cv 01372 |
| | ) | |
| v. | ) | |
| | ) | Judge Reggie B. Walton |
| CORRADO BONINO et. al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S CONSOLIDATED MOTION TO AMEND AND REQUEST
JURISDICTIONAL DISCOVERY IN RESPONSE TO DEFENDANTS' MOTIONS TO
DISMISS**

Plaintiff, Cascina ca de Lupis, by and through counsel:

1.     moves to amend the complaint in this case, pursuant to Rule 15(a), Fed. R. Civ.

P., and Local Rules 7(i) and 15.1;[1] and

2.     moves for a period of jurisdictional discovery.

In support of his Consolidated Motions, Plaintiff submits the accompanying

Memorandum of Law, proposed Second Amended Complaint (together with exhibits), and

---

[1] In compliance with Local Rules 7(i) and 15.1, Plaintiff is lodging an original of the
proposed Second Amended Complaint.

proposed Order.

Dated: January 14, 2008                         Respectfully submitted,

Marc E. Miller
Alex Menedez
McLEOD, WATKINSON & MILLER
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001
(202) 842-2345

Jack Meyerson
MEYERSON & O'NEILL
1700 Market Street
Philadelphia, PA 19103
(215) 972-1376
Attorney for Plaintiff

**Certificate of Service**

I hereby certify that on this 14th day of January 2008, a copy of the Plaintiff's Consolidated Motion, proposed Second Amended Complaint (together with exhibits), Memorandum of Law, and proposed order was mailed, postage prepaid, to:

Michael E. Tucci, Esquire
Darrell W. Clark, Esquire
James S. Dibble, Esquire
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, D.C. 20036

Marc E. Miller
Alex Menedez
McLEOD, WATKINSON & MILLER
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001
(202) 842-2345

Jack Meyerson
MEYERSON & O'NEILL
1700 Market Street
Philadelphia, PA 19103
(215) 972-1376
Attorney for Plaintiff

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASCINA ca de LUPIS S.r.l ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:07 cv 01372 |
| ) | |
| v. ) | Judge Reggie B. Walton |
| ) | |
| CORRADO BONINO et. al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CONSOLIDATED MOTION TO AMEND AND REQUEST JURISDICTIONAL DISCOVERY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

### INTRODUCTION

This Court is the proper jurisdiction to hold both Defendants Bonino and Donna accountable for their wrongful conduct – fraudulently converting and retaining at least six-hundred thousand dollars worth of wine from Plaintiffs. Defendant Bonino has moved to dismiss the First Amended Complaint on a variety of grounds, which includes lack of subject matter jurisdiction. Because his citizenship status is not clear, his motion to dismiss should be denied with respect to subject matter jurisdiction and Plaintiff should be granted both leave to conduct discovery with regards to Bonino's citizenship and to amend the Complaint.

Defendants have filed motions challenging the specificity of Plaintiff's Amended Complaint. Since drafting the Amended Complaint, however, Plaintiff's attorney has had the opportunity to interview the owner of Vini, Inc., Marcello Dellaccio. This interview has

provided new information that will enhance Plaintiff's Complaint and provide more than adequate specificity. Thus, Plaintiff moves to amend the Amended Complaint because it is the most efficient way to respond in light of the new information learned.

## PROCEDURAL HISTORY

On July 27, 2007, Plaintiff filed a five-count Complaint against defendant Bonino, Ena Rita, defendant Calita, Vini, Inc., and defendant Donna. Count I alleged breach of contract against Vini, Inc; Count II alleged fraud and conversion against Bonino, Rita, and Calita; Count II alleged fraud and conversation against Donna; Count IV alleged conspiracy against Donna; and Count V sought an accounting. On November 30, 2007, Plaintiff filed a six-count Amended Complaint against Bonino, Rita, Calita, Vini, and Donna. Count I alleges breach of contract against Vini, Inc; Count II alleges negligence against Vini, Inc., Count III alleges fraud and conversion against Bonino, Rita, Calita, Vini, and Donna; Count IV alleges conspiracy against Bonino, Rita, Calita, Vini, and Donna; Count V alleges unjust enrichment as to all defendants, and Count VI seeks an accounting. After filing the Amended Complaint, Plaintiff's counsel had an opportunity to meet with the owner of Vini, Inc., Marcello Dellaccio on December 19, 2007. Mr. Dellaccio provided Plaintiff's counsel with new information that is included in the "background of claims" below. Plaintiff dismissed his claims against Ena Rita and Vini, Inc., on January 4, 2008, as a result of the interview. Plaintiff now requests leave to amend the Amended Complaint as a direct result of the December 19, 2007, interview with Marcello Dellaccio.

## BACKGROUND OF CLAIMS

Plaintiff Cascina Ca De Lupis is an Italian company that exports high quality Italian wine to the District of Columbia. From September 2005 through June 2006, Plaintiff exported in excess of six-hundred thousand (600,000.00) dollars worth of such wines to a wine importer

(Vini, Inc.) within the District of Columbia who sold and distributed this wine to various American accounts. Plaintiff employed defendant Bonino, who had worked for more than ten (10) years selling wine in the District of Columbia area, to assist Plaintiff in the sale of imported wine. Defendant Bonino transacted such business through his alter ego, Calita Corporation, which defendant Bonino organized and operated under the laws of the District of Columbia. The most substantial American account to whom Plaintiff delivered wine is Galileo, a restaurant owned and operated by defendant Donna in the District of Columbia. Defendant Bonino has a history of business dealings with Donna going back at least ten (10) years. Between December 2005, and August 2006, defendant Bonino caused at least $452,138.00, worth of wine supplied by Plaintiff to be distributed to Galileo and defendant Donna. Defendant Bonino, without authorization from Plaintiff, directed defendant Donna to make payments for an amount less than the sales price of wine in the form of checks payable to cash which were deposited into defendant Calita's bank account. Defendant Donna made such cash payments knowing that defendants Bonino and Calita were not paying these monies to Plaintiff. Defendants have failed to remit any such payments to Plaintiff.

Additionally, other wine was distributed by the importer to other restaurants in the District of Columbia area. Defendant Bonino instructed the wine importer to pay him monies due to Plaintiff from the sales of these wines. Specifically, he instructed the importer to provide him with checks to defendant Calita Corporation and/or to cash. Such monies were the sales proceeds due to Plaintiff. Defendant Bonino kept and converted these monies for his own use and did not forward the payments from the importer onto Plaintiff. Accordingly, defendants, Donna, Bonino and Calita have converted and retained at least six-hundred thousand (600,000.00) dollars worth of wine without paying Plaintiff.

Defendant Bonino is an individual and resident of the District of Columbia. Bonino's residence in the United States is located in the vicinity of 21st and L Streets within the District of Columbia. He is a native of Italy but has lived and worked in the District of Columbia for at least ten (10) years. During this time he has been associated with and worked with Roberta Donna at Galileo Restaurant and elsewhere. Through his alter ego, Calita Corporation, he has imported wine from Italy into the United States and resold this wine in the District of Columbia and adjoining areas. Upon information and belief, Bonino is able to live and work in the United States because he has been issued a green card. Additionally, two (2) of his children were born in the United States. It is unknown to Plaintiff whether Bonino has applied for or obtained United States citizenship.

## ARGUMENT

### I. THIS COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND THE AMENDED COMPLAINT.

Rule 15(a) governs the amendment of pleadings, stating generously that "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "instructs the [d]istrict [c]ourt to determine the propriety of amendment on a case by case basis." Dove v. Washington Metropolitan Area Transit Authority, 221 F.R.D. 246 (D.D.C. 2004) (quoting Harris v. Se'y, United States Dep't of Veteran Affairs, 126 F.3d 339, 343 (D.C. Cir. 1997)). Whether to grant or deny leave to amend rests in the District Court's sound discretion. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Such discretion is not unlimited, however, for it is an "abuse of discretion" when a District Court denies leave to amend without "justifying" or sufficient reason. Id. (citing Foman, supra; Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Reasons that justify a denial of leave to amend include undue delay, bad faith, repeated failure to

cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment. Id. (*citing* Foman, 371 U.S. at 182; Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999); Caribbean Broad Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1084 (D.C. Cir. 1998)).

Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is "to facilitate a proper decision on the merits," not to set the stage for "a game of skill in which one misstep by counsel may be decisive to the outcome." Id. (*quoting* Foman, 371 U.S. at 181-821, *citing* Conley v. Gibson, 355 U.S. 41, 48 (1957)).[2] Under Rule 15(a), the non-movant generally must carry the burden in persuading the court to deny leave to amend. Id. (*citing* Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 n. 2 (5th Cir. 1981) (endorsing exceptions to the general rule that the burden of persuasion rests with the non-movant in the Rule 15(a) context); Gudavich v. District of Columbia, 22 Fed.Appx. 17, 18 (D.C. Cir. Dec. 27, 2001) (noting that the non-movant "failed to show prejudice from the District Court's action in allowing the [movant's] motion to amend").

Against this standard, this Court should allow the Plaintiff to amend his Complaint. None of the five *Foman* reasons that justify a denial of leave to amend are present here. There has been no undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, or futility of amendment. Plaintiff has moved to amend the Complaint because he has been provided with new and pertinent information. This information was not previously available to him even if he had exercised due diligence. Plaintiff has attached

---

[2] For example, to further the goal of deciding cases on their merits and avoid adjudication by technicality, Rule 15 allows for amendment "whereby a party who harmlessly failed to plead an affirmative defense may find satisfaction" rather than allowing the party to lose because of a minor technical mistake made in its original pleading. Harris, 26 F.3d at 343.

his proposed Second Amended Complaint and Exhibits as Exhibit "A".  Accordingly, this Court

should grant him leave to amend the Amended Complaint.

## II.    THE COURT SHOULD ORDER A PERIOD OF JURISDICTIONAL DISCOVERY SO THAT PLAINTIFF CAN INVESTIGATE THE RELEVANT FACTS.

In considering Defendant Bonino's jurisdictional object at this stage, certain basic rules

apply.  Under the Federal Rules, a plaintiff need not come to court with evidence in hand.  This is

true with respect to jurisdiction, just as with any other issue.  At the threshold, a plaintiff must

simply show that it is in good faith, asserting a legal and factual basis for jurisdiction, including

subject matter jurisdiction.  *See* Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 537

(1995) ("Normal practice permits a party to establish jurisdiction at the outset of a case by means

of a nonfrivolous assertion of jurisdictional elements..."); *see also* Lujan v. Defenders of

Wildlife, 504 U.S. 555, 561 (1992) (party may support jurisdictional elements at each stage of

this case according to the level of proof required at that stage).  The trial court may accelerate

resolution of factual issues bearing on jurisdiction, but a plaintiff that has made a good faith

allegation is not put to its proof at the first "jurisdictional skirmish," *i.e.*, *before* discovery.  In

this case, still in its earliest stages, Plaintiff has satisfied the *pleading* requirements and shown a

basis for subject matter jurisdiction.

Plaintiff has plainly alleged enough in its Second Amended Complaint to allow him to

engage in limited jurisdictional discovery to test the jurisdictional assertions raised by defendant

Bonino.  Discovery relating to jurisdiction should be freely permitted when consistent with a

good faith belief that such discovery will enable a party to show that the Court has jurisdiction.

Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C. Cir. 1991);

Diamond Chem. Co. v. Atofina Chem. Inc., 268 F. Supp. 2d 1, 15 (D.D.C. 2003) ("[t]his

Circuit's standard for permitting jurisdictional discovery is quite liberal") *see also* Artis v. Greenspan, 223 F. Supp. 2d 149, 154 (D.D.C. 2002) (allowing limited jurisdictional discovery to assess questions about subject matter jurisdiction).

If a party demonstrates that it can supplement its jurisdictional allegations through discovery, jurisdictional discovery is appropriate. GTE News Media Servs., Inc. v. Bellsouth Corp., 199 F.3d 1343, 1351-52 (D.C. Cir. 2000) (jurisdictional discovery was necessary and appropriate because the record is "plainly inadequate. We do not even know for certain which defendants own and operate which websites."); *see also* Crane v. Carr, 814 F.2d 758, 760 (D.C. Cir. 1987) (holding that it was an abuse of discretion to deny jurisdictional discovery). Based on GTE, this Court found "it hard to imagine a situation where a plaintiff could not demonstrate [] that it can supplement its jurisdictional allegations through discovery." Diamond Chem., 268 F. Supp. 2d at 15 (internal citations omitted). Thus, a plaintiff faced with a motion to dismiss for lack of jurisdiction is entitled to reasonable discovery. Id.

In the present case, Plaintiff has plead in good faith that it is unknown whether defendant Bonino has obtained United States citizenship. The facts, as plead, demonstrate that Bonino has been a resident of the District of Columbia for at least ten (10) years. They also show that Bonino has organized and operated businesses during his time in the United States. Bonino works with defendant Donna at Trattoria Bebo. He has also owned property and fathered two (2) children in the United States. From these facts it is possible to conclude that this Court may have jurisdiction over Bonino as a duel citizen of the United States. In his motion to dismiss, Bonino attaches a declaration that he is a citizen and resident of Italy. He also attached a document from the Italian embassy stating he is an Italian national who is returning to Italy. It should note that this document, which states he is returning to Italy, is dated December 11, 2006. Mr. Bonino's

declaration and embassy document do not prove that he is not a United States citizen. Additionally, it should be noted that defendant Bonino was served at his place of business with the original complaint after December 11, 2006.

Plaintiff respectfully requests a 90-day period of jurisdictional discovery if factual issues bearing on jurisdiction are to be addressed at this time. In that time, Plaintiff will seek such documents and testimony from defendant Bonino and third parties that are likely to have information concerning his citizenship. Of course, one hundred and twenty days will be sufficient time only if defendant Bonino fully cooperates. Thus, Plaintiff requests that the Court not only authorize jurisdictional discovery, but also Order defendant Bonino to fully cooperate.

**IV.    CONCLUSIONS**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court to grant his motion to amend the complaint and grant jurisdictional discovery and deny Defendant's motions to dismiss.

Dated: January 14, 2008                         Respectfully submitted,

Marc E. Miller
Alex Menedez
McLEOD, WATKINSON & MILLER
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001
(202) 842-2345

Jack Meyerson
MEYERSON & O'NEILL
1700 Market Street
Philadelphia, PA 19103
(215) 972-1376
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CASCINA ca de LUPIS S.r.l <br><br>     Plaintiff, <br><br> v. <br><br> CORRADO BONINO et. al., <br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:07 cv 01372<br><br>)   Judge Reggie B. Walton |

### ORDER

Upon consideration of Plaintiff's Consolidated Motion to Amend the Complaint and Request Jurisdictional Discovery, and Defendants' Motions to Dismiss, it is this _____ day of _____ 2008, by the United States District Court for the District of Columbia,

ORDERED, that Defendants' Motions to Dismiss is DENIED, and it is further,

ORDERED, that Plaintiff's Motion to Amend the Complaint be GRANTED, and it is further,

ORDERED, that Plaintiff is granted a one-hundred twenty (90) day period of jurisdictional discovery, and it is further,

ORDERED, that defendant Corrado Bonnino fully cooperate with jurisdictional discovery requests.

_____
Reggie B. Walton, Judge

12

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

CASCINA CA DE LUPIS, S.r.L.   :

             Plaintiff      :        Civil Action No. 1:07-cv-01372

                     :

            v.           :        Judge Reggie B. Walton

CORRADO BONINO, et al.   :
and CALITA   :
CORPORATION, and   :
ROBERTO DONNA,   :

            :

             Defendants.

## SECOND AMENDED COMPLAINT

    Plaintiff, Cascina Ca de Lupis, S.r.l. ("Cascina"), for its civil action against

defendants Corrado Bonino ("Bonino"), Calita Corporation ("Calita"), and Roberto

Donna ("Donna"), avers as its complaint against defendants as follows:

## STATEMENT OF THE CLAIM

    1.    Plaintiff is an Italian company that exports high quality Italian wines to the

District of Columbia area.  From September 2005 through June 2006, Cascina exported

in excess of $600,000 worth of such wines to a wine importer within the District of

Columbia who sold and distributed this wine to various American accounts.  Plaintiff

employed defendant Corrado Bonino, who had worked for more than 10 years selling

wine in the D.C. area, to assist plaintiff in the sale of the imported wine.  Defendant

Bonino transacted such business through his alter ego, Calita Corporation, which

Bonino organized and operated under D.C. law.  The most substantial American

account to whom plaintiff delivered wine is Galileo, a restaurant owned and operated by

Donna in the District of Columbia.  Defendant Bonino has a history of business dealings

with Donna going back at least 10 years. Between December, 2005 and August 2006, Bonino caused at least $452,138 worth of wine supplied by plaintiff to be distributed to Galileo and Donna. Bonino, without authorization from plaintiff, directed Donna to make payments for an amount less that the sales price of the wine in the form of checks payable to cash which were deposited into Calita's bank account. Donna made such cash payments knowing that Bonino and Calita were not paying these monies to plaintiff. Defendants have failed to remit any such payments to plaintiff.

Additionally, other wine was distributed by the importer to other restaurants in the D.C. area. Bonino instructed the wine importer to pay him monies due Cascina from the sales of these wines. Specifically, he instructed the importer to provide him with checks to Calita Corporation and/or to cash. Such monies were the sales proceeds due to plaintiff. Bonino kept and converted these monies for his own use and did not forward the payments from the importer onto plaintiff. Accordingly, defendants, Donna, Bonino and Calita have converted and retained at least $600,000.00 worth of wine without paying plaintiff.

## PARTIES

2.    Plaintiff Cascina Ca de Lupis, S.r.l. ("Cascina") is a corporation organized in Italy with its principal place of business at Via Ragazzi del 99, n. 78, 35013 Cittadella (PD) Italy. Cascina's principal business is the production, export and sale of quality Italian wines.

3.    Defendant, Corrado Bonino, is an individual and resident of the District of Columbia. Bonino's residence in the United States is located in the vicinity of 21st and L Streets within the District of Columbia. Bonino is a native of Italy and worked for a

period of time as a consultant and sales agent for plaintiff, Cascina, until he was fired.

4.     Defendant Corrado Bonino has been a resident of the District of Columbia for at least 10 years.  During this time he has been associated with and worked with Roberta Donna at Galileo Restaurant and elsewhere.  Through his alter ego, Calita Corporation, he has imported wine from Italy into the United States and resold this wine in the District of Columbia and adjoining areas.  More recently, through his association through Roberta Donna, he has worked at and acquired an interest in Trattoria Beppo in Arlington, Va.  Upon information and belief, Bonino works in the United States because he is a resident alien.  He has been issued a green card.  Two of his children were born in the United States.  At the time of the filing of this complaint, it is unknown whether Bonino has applied for or obtained American citizenship.

5.     Defendant, Calita Corporation, is a corporation organized and existing within the District of Columbia with its principal place of business located at 1110 21st Street, NW., c/o Galileo, Washington, DC 20036.  Calita is a corporation organized and wholly owned by Bonino and is the alter ego of Bonino.  At all times material hereto, Calita maintained a bank account at The Bank of America within the District of Columbia.  Defendant Bonino is the authorized signator on this account.

6.     Defendant, Roberto Donna, is an individual and a citizen of the District of Columbia. He owns and operates the restaurant, Galileo, which, as of the date of the filing of this Complaint, is closed for renovations, Galileo is located at 1110 21st Street, N.W., Washington, D.C.  Galileo is a gourmet Italian restaurant promoted by Donna as a high end restaurant offering the finest Italian wines.  Defendant Donna is not only the owner and operator of Galileo Restaurant, but also the chef and purchaser of wines for

the restaurant. These wines are resold through the restaurant for a profit. Donna also owns and operates a second restaurant, Trattoria Beppo, located at 2250 Crystal Drive in Arlington, Virginia. Donna also sells fine Italian wines at Trattoria Beppo.

7.    Bonino is also a close friend and confidant of Donna. They have a longstanding personal and business relationship, both in conjunction with Galileo and in conjunction with Donna's other restaurant, Trattoria Beppo. Bonino's corporation Calita's principal place of business is listed as Galileo Restaurant.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction pursuant to 28 U.S.C. §1332 based upon the diversity of the parties and the amount in dispute exceeds $75,000.

9.    Venue is proper within the District of Columbia pursuant to 28 U.S.C. §1391(a) as some of the defendants reside within the District of Columbia and a substantial part of the events giving rise to the claim occurred within the District of Columbia.

## FACTUAL ALLEGATIONS

10.    From September 2005 through June 2006, plaintiff exported $601,515.80 worth of fine Italian wines for importation into the United States and resale to third parties, particularly restaurants in and near the District of Columbia.

11.    As of the date of the filing of this complaint, plaintiff has been paid for only $185,849 for the wines imported into the United States. There is thus a balance owed of $415,666.80.

12.    Beginning in or about September 2005, plaintiff employed defendant Corrido Bonino as a sales agent in the United States. As such, Bonino coordinated the

importation of wine into the United States and the distribution and subsequent resale of such wine to restaurants in and around the District of Columbia.

13.    Bonino, as a consultant and sales representative for plaintiff was responsible for assisting in the distribution of the wine to restaurants in the Washington area.  At this time, Bonino represented to plaintiff that he would be a faithful employee and that all monies he obtained for the sale of Cascina wine in the United States would be remitted to Cascina.

14.    In or about September 2005, Bonino, contracted with Vini, Inc. a licensed wine importer to enable Cascina's wine to be lawfully imported into the United States.

15.    At the time Bonino presented this contract to the importer he represented to the importer that his employer Cascina, through Giuseppe Paganella had approved this contract.  This was a knowingly false representation as Bonino knew full well because he had directed the preparation of the contract by an attorney in the United States, had not submitted it to plaintiff for approval at any time prior to or after its presentation to the wine importer.

16.    Subsequent to importation, the wine was stored in a warehouse maintained by the importer.  Thereafter, it was distributed by the importer and Bonino to Galileo and other restaurants in and around the District of Columbia.

17.    At all times material hereto, Bonino represented to the wine importer that he was the U.S. representative of Cascina and that all monies collected in payment for such wines should be paid to him.  He further represented to the plaintiff that all monies collected by him would be forwarded onto Cascina.

18.     Between December 2005 and August 2006, Vini, Inc., the importer distributed wines supplied by plaintiff to numerous restaurants in the Washington, D.C. area.

19.     From December 2005 through August 2006, Vini, Inc. and Bonino caused to be  distributed in excess of $450,000 worth of wine imported from plaintiff to Donna for use at Galileo.  Bonino and Donna obtained this wine for Galileo by dispatching agents and employees of Galileo to the importer's warehouse where the wine was stored where such employees collected wines for resale at Galileo.

20.     From September 2005 through September 2006, Bonino continued to represent to Cascina that he was their U.S. representative and that all monies obtained for the sale of Cascina wine in the United States would be and were being forwarded on to Cascina.

21.     Such representations were false, as Bonino continued to represent to plaintiff that he was their faithful United States representative during the very time that he was surruptiously causing and directing defendant, Roberto Donna and the wine importer, Vini, Inc., to make payments to him.

22.     Sometime on or before December 31, 2005, Bonino entered into an agreement with Donna that instead of paying Cascina for the wine, Donna would pay Bonino a percentage of the monies owed to Cascina.  Bonino in turn would work to assure a continuing supply of wines for Donna from Cascina.  Donna in turn would sell this wine for a profit both at his Galileo and also at his second restaurant Trattoria Beppo.

23.    Bonino and Donna further agreed that Donna would employ Bonino at Trattoria Bebo and that he would have an ownership interest in the Trattoria.

24.    Both Bonino and Donna repeatedly represented to plaintiff that, all wines sold to Donna were to be used at Galileo, only, and not at Trattoria Bebo.

25.    Between January 5, 2006 and August 22, 2006, Donna caused a series of checks to be issued from Galileo's bank accounts, at Fidelity Bank and Adams National Bank, payable to cash and to defendant Calita Corporation.

26.    Each of these checks were made payable to cash and furnished to Bonino.  Bonino deposited these checks [made payable to cash] into Calita Corporation's account.  All tolled, the checks issued by Galileo to Bonino and Calita total $257,900.  These payments were substantially less than the value and cost of the wine supplied by Bonino to Donna and utilized at Galileo and Trattoria Beppo.

27.    Donna made these cash payments to Bonino knowing that the monies were not transmitted to plaintiff Cascina.

28.    Between September 2005 and August 2006, Bonino directed the wine importer to pay him personally and to pay Calita Corporation in excess of $57,000.00.  Such payments, at Bonino's directions, were either in the form of cash or checks payable to Bonino and/or Calita.  Such payments from Vini, Inc. to Bonino and Calita are set forth in Exhibit "A" to this Complaint.

29.    Bonino represented to the wine importer that he was forwarding these payments on to plaintiff in Italy.

30.    In truth and fact, Bonino deposited the checks into the Bank of America account which Bonino maintained in the name of Calita Corporation and thus converted

them to his own use. The cash payments received from the importer were immediately converted to Bonino's use.

31.     Between June, 2006 and the date that this lawsuit was first filed, Cascina has repeatedly inquired of Donna for an accounting of the wine purchased by Donna and, its utilization and Donna has deliberately failed to supply an accurate and straight forward response to this request.

32.     On September 27, 2006, plaintiff learned of Bonino's deception and fraud and fired Bonino as a consultant because his performance in arranging sales of wine was not satisfactory and he was not properly accounting for monies he received.

33.     Subsequent to his firing by plaintiff, Bonino remained employed by Donna and worked for Donna at Trattoria Bebo and elsewhere.

### COUNT I
### PLAINTIFF V. DEFENDANTS CORRADO BONINO, ROBERTO DONNA
### FRAUD AND CONVERSION

34.     Plaintiff incorporates all the above paragraphs as though fully set forth and restated herein.

35.     Between on or about September 1, 2005 and continuing up to the date of the filing of this lawsuit, Bonino, Calita and Donna participated in a scheme to defraud plaintiff of all wine that plaintiff exported to the D.C. area.

36.     It was part and parcel of this scheme that Donna obtained and utilized plaintiff's wine for his business at Galileo and the Trattoria Beppo, that Donna would not pay plaintiff for the full value of said wine; that Bonino would supply Donna with all the wine he needed for Galileo and Trattoria Beppo and that Bonino and Calita would

receive an interest in Trattoria Beppo and cash money.

37.     As set forth above, Bonino, and Calita Corporation encouraged and assisted Vini, Inc. the wine importer in supplying Donna and Galileo with at least $415,000 worth of wine from plaintiff.

38.     At the time that Donna and Galileo received and accepted the delivery of this wine, Donna knew that the wine was exported by plaintiff and that plaintiff was owned and operated by persons other than Bonino.

39.     On the following dates Bonino and Calita arranged for the following transfers of wine to Donna and Galileo having the following values:

| | |
|---|---|
| 12/31/05 | $112,161.00 |
| 1/31/06 | 47,268.00 |
| 2/23/06 | 2,940.00 |
| 2/23/06 | 75,776.00 |
| 2/23/06 | 14,256.00 |
| 3/20/06 | 25,464.00 |
| 4/18/06 | 43,506.00 |
| 4/30/06 | 612.00 |
| 4/30/06 | 5,298.00 |
| 4/30/06 | 1,500.00 |
| 4/30/06 | 2,550.00 |
| 5/31/06 | 19,170.00 |
| 5/31/06 | 8,214.00 |
| 5/31/06 | 6,654.00 |
| 6/21/06 | 510.00 |
| 6/29/06 | 34,812.00 |
| 8/11/06 | 44,157.00 |
| 8/23/06 | 7,290.00 |

40.     The total amount of wine distributed to Galileo and Donna had a total value price of $452,138.00.

41.     At all material times during this period, Bonino, and Calita Corporation arranged for delivery of cases of wine to Donna and Galileo for purposes of re-sale of

the wine to customers of Galileo, which deliveries were accepted by the defendant Roberta Donna.

42.     In return for these deliveries, defendant Donna paid sums of money, less than the full value or fair market price of the delivered wine to Bonino and Calita for resale at Galileo and Trattoria Bebo.  Throughout this period, defendant Donna knew that Bonino, and Calita Corporation, contrary to their instructions, intended to keep said money for their own self interests, and were not paying the sums to plaintiff.

43.     As set forth above, Donna paid Bonino and Calita for the wine with checks payable to cash which were deposited into Calita's bank accounts within the District of Columbia.

44.     Between January, 2006, and August, 2006, Donna provided Bonino with checks drawn on Galileo's Adams National Bank account and Fidelity Bank account totaling $257,900.  Each of these checks were, as Bonino instructed, payable to cash.

45.     On each of these checks payable to cash, Donna noted in the lower left-hand corner "Memo: Vini, Inc."  There were a total of 92 checks delivered during this time period.  The largest of which was $9,200.00, and the smallest of which was $900.00.  Bonino converted each of these checks to his personal use as of the date they were deposited into Calita's bank account.

46.     As agreed by Bonino and Donna, these checks totaled substantially less than the value of the wine that Bonino had caused to be delivered to Donna, as Donna and Bonino knew full and well.

47.     Between June, 2006 and September, 2006, there were numerous communications by email and otherwise between Donna and the plaintiff during which it

became clear to Donna that the monies paid to Bonino were not furnished to Cascina. Despite repeated requests from Cascina for a full accounting of the wine supplied Donna repeatedly stalled and delayed and failed to answer such inquiries from plaintiff.

48.     Bonino, and Calita, by fraud and deception, have thus obtained at least $257,900.00 of monies owed to plaintiff.  Bonino, and Calita are thus liable to plaintiff for $257,900.00 plus pre and post-judgment interest plus costs.

49.     On various occasions between January, 2006 and September, 2006, Donna orally and via correspondence and email, misrepresented to plaintiff that all of plaintiff's wine that he acquired was to be utilized by Donna at Galileo.

50.     Such statement was knowingly false because as Donna knew full well, he diverted some of the wine to Trattoria Beppo and did not utilize it at Galileo.

51.     Donna intended for plaintiff to rely on this misrepresentation, which plaintiff justifiably did for a period of time.

52.     Donna, thus by fraud and deception, obtained and resold the wine supplied by plaintiff without paying for said wine in full and without paying any money to plaintiff.

53.     Donna, thus, owes plaintiff for payment of all plaintiff's wine that he received and resold at Galileo and Trattoria Beppo.

54.     As set forth above, beginning in or about September 2005, defendant Bonino represented to plaintiff that he would work as plaintiff's consultant and sales representative in the United States to facilitate and coordinate the sale of wine imported by plaintiff for sale in the District of Columbia and the surrounding areas.

55.    From September, 2005 through September, 2006, defendant Bonino repeatedly represented to the plaintiff that he was working for plaintiff in the United States as his American sales representative and that monies that he obtained from the distribution and sale of plaintiff's wine would be forwarded to the plaintiff.

56.    Each of these representations was false because rather than remitting any such monies obtained from Donna and/or the wine importer to plaintiff, defendant Donna obtained cash payments from Donna and the wine importer as well as checks payable to Calita Corporation. Upon receipt of the cash and deposits of the checks into the Calita bank account at Bank of America, defendant Bonino converted such monies to his own use.

57.    From September, 2005 through September, 2006, Bonino knowingly failed to disclose to the plaintiff that he had collected such monies from Donna and the wine importer, and he certainly did not disclose that he had converted such monies to his own use.

58.    Additionally, for their deliberate fraud and deception which was a willful and wanton act by Bonino, Calita and Donna, are further liable to plaintiff for punitive damages.

**WHEREFORE**, plaintiff requests that the Court enter judgment in its favor and against defendants, Bonino, and Calita in an amount equal to the full value of the wine which the defendants received, plus such punitive damages as deemed just and proper, plus pre-and post-judgment interest, costs and attorney fees.

**COUNT II**
**PLAINTIFF V. DEFENDANTS CORRADO BONINO,**
**CALITA CORPORATION, VINI, INC., AND**
**ROBERTO DONNA, FOR CONSPIRACY**

59.    Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

60.    From September 2005 through the present, Bonino, Calita Corporation, and Donna have agreed to and participated in a conspiracy to obtain wine from plaintiff without paying for said wine.

61.    In furtherance of said conspiracy to defraud plaintiff of payment of the value of the wine at issue, the defendants have committed one or more overt acts including, but not limited to, the following:

(a)    Bonino and Donna assisted in obtaining wine imported into the United States by plaintiff and deliberately and knowingly failed to pay plaintiff and sold said wine for a substantial personal profit.  Each of these acts in furtherance of the conspiracy is set forth in paragraph 39 and elsewhere in this complaint.

(b)    As set forth in paragraphs 44, 45 and elsewhere in this complaint, Bonino and Calita Corporation, obtained monies from Donna and failed to pay this money to plaintiff.

(c)    Bonino and Donna obtained wine from plaintiff and sold it to Donna for resale at Galileo and at Trattoria Beppo with the agreement and understanding that plaintiff would not be paid full value for such wines.

62.    As a result of this civil conspiracy, plaintiff has suffered compensatory damages.

63.    Defendants Bonino, Calita and Donna so acted in a willful and wanton manner so as to make defendants further liable to plaintiff for punitive damages.

**WHEREFORE,** plaintiff requests judgment in his favor and against defendants Bonino, Calita, and Donna in an amount to fully compensate plaintiff for all wines delivered to Donna and for which plaintiff has not been paid, plus punitive damages in an amount deemed just and proper, plus pre-and post judgment interest, costs and attorney fees.

**COUNT III**
**UNJUST ENRICHMENT AGAINST ALL DEFENDANTS**

64.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

65.    As set forth above, plaintiff has supplied in excess of $450,000 worth of wine to the defendants for which he has not been paid.  As set forth above, each of the defendants received the wine and/or cash and converted said wine and cash to their own use without paying plaintiff for said wine.

66.    Each of the defendants has thus been unjustly enriched in that benefits have been conferred on each of these defendants by plaintiffs and each of the defendants has accepted and retained such benefits without paying plaintiff.

67.    It would be inequitable for the defendants to retain the benefits of their receipt of the wine or proceeds derived from the delivery of wine without paying plaintiff for the value of the benefits received.

68.    As a result, each of the defendants has been unjustly enriched, and each defendant must pay plaintiff the value of the benefits so received by them.

**WHEREFORE**, plaintiff requests judgment in his favor and against defendants Bonino, Calita, and Donna, in an amount equal to the value of the wine and the benefits

received by defendants plus pre and post-judgment interests, costs and attorneys fees.

## COUNT IV
## ACCOUNTING

69.    Plaintiff incorporates the above paragraphs as though fully set forth and restated herein.

70.    As set forth above, plaintiff exported to the United States, in excess of $600,000 worth of fine Italian wine.

71.    Over time, such wine was distributed to Bonino, Calita, Donna, and other third parties.

72.    Despite repeated requests from plaintiff to each of the defendants for access to their records to review what wines they obtained from plaintiff and what wines they sold to third parties and what monies they received from the proceeds of such sale.  No such records have been produced.

73.    Accordingly in addition to the compensatory and punitive damages requested above, an accounting is the only means to determine the scope of defendants wrongdoing, what happened to the wines and proceeds derived from the wine.

74.    Accordingly, in addition to the compensatory and punitive relief damage sought above, plaintiff requests an accounting to determine what happened to the wine

and what monies have changed hands between defendants and not been remitted to plaintiff.

Respectfully submitted,

Jack Meyerson
MEYERSON & O'NEILL
1700 Market Street, Suite 3025
Philadelphia, PA 19103
215-972-1376
Attorneys for Plaintiff

DATED:  January 14, 2008

# EXHIBIT "A"

| Vini, Inc. | | | | |
|---|---|---|---|---|
| **Bank of America Acct 001924508577** | | | | |
| | | | | |
| Check # | Date | Pay to (memo) | | Amount |
| 92 | 12/17/04 | Calita | $ | 1,326.10 |
| | 12/20/04 | Cash (Corrado) | $ | 1,000.00 |
| 94 | 12/23/04 | Cash (Corrado) | $ | 2,500.00 |
| 1010 | 3/18/05 | Cash (Corrado) | $ | 2,890.00 |
| 1017 | 4/14/05 | Calita (Corrado) | $ | 1,700.00 |
| 1020 | 4/25/05 | Cash (Corrado) | $ | 1,200.00 |
| 1029 | 5/13/05 | Cash (Corrado) | $ | 2,740.00 |
| 1042 | 6/20/05 | Cash (Corrado) | $ | 4,420.00 |
| 1071 | 8/19/05 | Vini (Corrado) | $ | 634.20 |
| 1072 | 8/23/05 | Vini (Corrado) | $ | 306.00 |
| 1075 | 8/29/05 | Vini (Corrado) | $ | 789.60 |
| 1081 | 9/6/05 | Vini (Corrado) | $ | 80.00 |
| 1083 | 9/9/05 | Vini (Corrado) | $ | 1,918.00 |
| 1085 | 9/16/05 | Vini (Corrado) | $ | 1,134.00 |
| 1089 | 9/16/05 | Vini (transfer Corrado) | $ | 1,114.00 |
| 1094 | 9/29/05 | Vini (Corrado transfer) | $ | 1,902.60 |
| 1096 | 10/3/05 | Vini (transfer Corrado) | $ | 323.00 |
| 1102 | 10/10/05 | Vini (transfer Corrado) | $ | 2,167.00 |
| 1053 | 10/17/05 | Calita (transfer Ita) | $ | 15,000.00 |
| 1106 | 10/19/05 | Vini (transfer Corrado) | $ | 2,102.00 |
| 1110 | 10/20/05 | Cash (Corrado) | $ | 500.00 |
| 1113 | 10/25/05 | Vini (transfer Corrado) | $ | 351.00 |
| 1116 | 11/1/05 | Cash (transfer Corrado) | $ | 1,048.00 |
| 1121 | 11/10/05 | Cash (transfer Corrado) | $ | 1,347.00 |
| 1127 | 11/15/05 | Vini (transfer) | $ | 637.19 |
| 1128 | 11/15/05 | Vini (transfer Corrado) | $ | 1,181.00 |
| 1131 | 11/22/05 | Vini (transfer) | $ | 3,425.00 |
| 1137 | 12/3/05 | Cash (transfer Corrado) | $ | 1,689.00 |
| 1142 | 12/19/05 | Calita Corp (transfer 5000) | $ | 2,510.00 |
| | | **Total** | $ | **57,934.69** |