UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
                                                          )
CASCINA ca de LUPIS S.r.l                                 )
                                                          )
     Plaintiff,                                   )
                                                          )        Case No. 07-1372
v.                                                        )
                                                          )
CORRADO BONINO et al.,                                    )        Judge Reggie B. Walton
                                                          )
                                                          )
     Defendant.                                   )
_____)

**OPPOSITION TO PLAINTIFF'S CONSOLIDATED MOTION TO AMEND AND
REQUEST FOR JURISDICTIONAL DISCOVERY IN RESPONSE TO DEFENDANTS'
MOTIONS TO DISMISS**

     Roberto Donna ("Donna") and Corrado Bonino ("Bonino"), through their undersigned

counsel, file their combined Opposition to Plaintiff's Consolidated Motion to Amend and

Request for Jurisdictional Discovery in Response to Defendants' Motions to Dismiss

("Opposition") as follows:

## I.  INTRODUCTION

     Cascina ca de Lupis S.r.l ("Cascina") has amended its Complaint against Donna and

Bonino once in response to Donna and Bonino's First Motion to Dismiss.  Donna and Bonino

moved to dismiss the Amended Complaint as well, and in doing so, showed that the Amended

Complaint failed to state viable causes of action against them.  In response to the Second Motion

to Dismiss, Plaintiffs now seek to file yet another amended Complaint.

     As demonstrated below, no new facts exist that would transform Cascina's improperly

plead causes of action in such a way to make its claims against Bonino and Donna sufficient, nor

do facts exist that would allow Cascina to amend the Complaint such that this Court would have

subject matter jurisdiction to hear this case as long as Bonino is a defendant.  Simply put, the

proposed Second Amended Complaint fails to cure the deficiencies raised by Bonino and Donna in their Motions to Dismiss. Allowing Cascina to file the proposed Second Amended Complaint and allowing Cascina to conduct jurisdictional discovery would not be fruitful, and would merely waste judicial resources and further prejudice Bonino and Donna.

Accordingly, Plaintiff's Consolidated Motion to Amend and Request Jurisdictional Discovery in Response to Defendants' Motions to Dismiss ("Motion") should be denied in its entirety.

## II.  ARGUMENT

### A.    Additional Facts Do Not Exist that Would Allow Casina to State Viable Claims Against Donna and Bonino

Cascina states in the Motion that it met with Marcello Dellaccio, the owner of Vini, Inc., on December 19, 2007, and as a direct result of that meeting, Cascina requests leave to file its proposed Second Amended Complaint to include the information Cascina learned at that meeting. *See* Memorandum, Page 2. Cascina also claims that as a direct result of its interview with Marcello Dellaccio, it dismissed its claims against Ena Rita and Vini, Inc. *See* Memorandum, Page 2. Incidentally, as established in the previously filed Motions to Dismiss, Vini, Inc. is the only party with a legal obligation to pay Cascina for the wine allegedly sold by Cascina, and it has now been dismissed from the matter.

The following constitutes the universe of "new information" that Cascina learned from its meeting with Marcello Dellaccio:

- • Cascina employed Bonino, who had worked for more than 10 years selling wine in the District of Columbia area, to assist Cascina in the sale of imported wine. *See* Memorandum, Page 3.

- Bonino transacted such business through his alter ego Calita Corporation, which Bonino organized and operated under the laws of the District of Columbia. *See* Memorandum, Page 3.

- Bonino has a history of business dealings with Donna going back at least 10 years. *See* Memorandum, Page 3.

- Other wine was distributed by the importer[1] to other restaurants in the District of Columbia area. *See* Memorandum, Page 3.

- Bonino is an individual and resident of the District of Columbia. *See* Memorandum, Page 4.

- Bonino's residence in the United States is located in the "vicinity" of 21st and L Streets within the District of Columbia. *See* Memorandum, Page 4.

- Bonino is a native of Italy but has lived and worked in the District of Columbia for 10 years. *See* Memorandum, Page 4.

- During his time in the United States, Bonino has been associated with and worked with Donna at Galileo Restaurant and elsewhere. *See* Memorandum, Page 4.

- Through his alter ego, Calita Corporation, Bonino has imported wine from Italy into the United States and resold this wine in the District of Columbia and adjoining areas. *See* Memorandum, Page 4.

- Upon information and belief, Bonino is able to live and work in the United States because he has been issued a green card. *See* Memorandum, Page 4.

- Two of Bonino's children were born in the United States. *See* Memorandum, Page 4.

---

[1] The identity of "the importer" is not clear.

None of this "new information" enables Cascina to elevate the previously infirm claims of fraud, conversion, conspiracy, and unjust enrichment against Bonino and Donna to the point where Cascina has stated viable causes of action.

### 1. The Proposed Second Amended Complaint Does Not Comply With Rule 9.

Allegations of fraud are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, that is, they must be pleaded with particularity. *In re U.S. Office Products*, 326 F.Supp.2d 68, 82 (D.D.C.2004). Rule 9(b) provides that that "[I]n all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." The "circumstances" that must be pleaded include the "time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *Firestone v. Firestone*, 76 F.3d 1205, 1211 (C.A.D.C.1996), *citing Kowal,* 16 F.3d at 1278, *see also*, *Hite v. Leeds Weld Equity Partners*, 429 F. Supp.2d 110, 115 (D.D.C.2006). Although Cascina does aver in its proposed Second Amended Complaint that Bonino and Donna made misrepresentations[2], the time and place and other "circumstances" of those alleged misrepresentations are not identified. As such, Cascina still fails to meet the particularity requirements of Rule 9 for its fraud claims against Donna and Bonino.

### 2. The Proposed Second Amended Complaint Does Not State A Cause of Action for Conversion.

Cascina does not plead any new facts that would support a cause of action for conversion against either Donna or Bonino. As stated in Donna and Bonino's Motions to Dismiss Cascina's First Amended Complaint, the tort of conversion is the "unlawful exercise of ownership, dominion and control over the personal property of another in denial or repudiation of that

---

[2] See proposed Second Amended Complaint at ¶¶ 17, 20, 21, 24, and 29.

person's right thereto." *O'Callaghan v. District of Columbia*, 741 F.Supp. 273, 279

(D.D.C.1990), *see also, Fay v. Perles*, 484 F.Supp.2d 12, 15 (D.D.C.2007). Where the

defendant's initial possession is lawful, "demand for a return of the property is necessary to show

the adverse nature of the possession." *Mansur v. Albright*, 130 F.Supp.2d 48, 58 (D.D.C.2001),

*citing Shea v. Fridley,* 123 A.2d 358, 361 (D.C.1956). Moreover, conversion is inappropriate to

enforce an obligation to pay money. *Calvetti v. Antcliff*, 346 F.Supp.2d 92, 106 (D.D.C. 2004).

Cascina's proposed Second Amended Complaint fails to identify any property of Cascina that

either Donna or Bonino is exercising dominion and control over. It appears in the proposed

Second Amended Complaint, as in the Original Complaint and in the First Amended Complaint,

that Cascina is attempting to recover money from Donna and Bonino through an action for

conversion. According to the principle stated in *Calvetti*, if Cascina is seeking money to satisfy a

debt, it cannot obtain those funds through a conversion action.[3] *Calvetti*, 346 F.Supp.2d at 106.

Moreover, the proposed Second Amended Complaint, as with the First Amended

Complaint and the Original Complaint, fails to allege that Cascina made any demand upon

Donna for return of the wine or a demand upon Bonino for return of payments. As such, if the

wine was delivered to Donna and Galileo by Vini, Inc. by lawful means, an action for conversion

does not lie against Donna or Bonino. *Mansur,* 130 F.Supp.2d at 48.

### 3.  **The Proposed Second Amended Complaint Fails To State A Conspiracy Claim.**

Cascina's claim of conspiracy against Donna and Bonino also fails. Civil conspiracy is

not an independent tort, but a means to establish liability for another tort. *Furash & Co., Inc., v.*

---

[3] Again, no legal duty on the part of Bonino and Donna to pay for the wire in question has been alleged by Plaintiffs. As Defendants have previously stated, the only party who could legally import the wine and therefore be obligated to pay Cascina for the wine allegedly sold is the importer, Vini, Inc., who has been dismissed from the action.

*McLave*, 130 F.Supp.2d 48, 54-55 (D.D.C.2001).   Therefore, because Cascina's fraud and conversion claims against Bonino and Donna fail, Cascina cannot state a cause of action against Donna or Bonino for conspiracy.

### 4.   The Proposed Second Amended Complaint Fails To State An Unjust Enrichment Claim.

Lastly, the proposed Second Amended Complaint fails to aver that either Donna or Bonino received a benefit from Cascina. To prevail on a claim for unjust enrichment a plaintiff must successfully plead that "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *News World Communications, Inc. v. J.S. Thompsen*, 878 A.2d 1218, 1222 (D.C.2005), *citing 4934, Inc. v. District of Columbia Dep't of Employment Servs.*, 605 A.2d 50, 55 (D.C.1992).

A plaintiff may not recover on a theory of unjust enrichment if that plaintiff has not conferred a benefit on the defendant.  *See Acme Plastics of New Jersey, Inc. v. International Fixtures LTD*, 2007 WL 4300157, at *5 (December 5, 2007,D.N.J.), *quoting Eli Lilly & Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 496 (D.N.J.1998) ("it is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim.").  Here, taking Plaintiffs' averments as true, Plaintiffs conferred a benefit on Vini, Inc. not Donna and Bonino.  The "new information" as stated in the Motion does not allege that Cascina conferred a benefit on either Donna or Bonino, and therefore, Cascina still does not state a claim for unjust enrichment against Donna and Bonino.

5. **The "New" Information Does Nothing To Correct The Deficiencies In The Earlier Filed Complaints.**

In analyzing the information that Cascina allegedly learned during its meeting with Marcello Dellaccio, it is apparent that none of the "new information" is relevant to this case.

First, even if it is true that Cascina employed Bonino, who had worked for more than 10 years selling wine in the District of Columbia area, to assist Cascina in the sale of imported wine and Bonino has a history of business dealings with Donna going back at least 10 years, those "facts" do nothing to supplement Cascina's purported claims.

Second, Cascina's allegation that "Bonino transacted business through his alter ego Calita Corporation, which Bonino organized and operated under the laws of the District of Columbia," does nothing to correct the deficiencies in the various claims. In addition, this allegation simply appears to be made-up. There has never been a Calita Corporation organized and existing under the laws of the District of Columbia or one registered to do business in the District of Columbia. *See* Printout resulting from a search of the District of Columbia Division of Corporations database, attached hereto as Exhibit B.[4]

Third, Cascina's claims that Bonino is an individual and resident of the District of Columbia; that Bonino's residence in the United States is located in the "vicinity" of 21st and L Streets within the District of Columbia; that Bonino is a native of Italy but has lived and worked in the District of Columbia for 10 years; that during his time in the United States Bonino has been associated with and worked with Donna at Galileo Restaurant and elsewhere; that two of

---

[4] Additionally, the docket in this case confirms that the allegation is untrue. The Affidavit of Service for "Calita Corporation" shows that the Complaint was served on "Roberto Donna, Principal." Obviously, this "service" is ineffective as Mr. Donna has nothing to do with this fictitious D.C. corporation nor has Plaintiff ever alleged that Donna is involved with Calita. Moreover, if, in fact, Calita was a D.C. corporation, proper service should have been made on the Registered Agent. Rule 4(h).

Bonino's children were born in the United States; and that upon information and belief Bonino is able to live and work in the United States because he has been issued a green card. Even if these "new" facts were true, they do not transform bogus fraud, conspiracy and conversion claims into bona fide causes of action against Bonino and Donna.

Further, Cascina states that through Bonino's alter ego, Calita Corporation, Bonino has imported wine from Italy into the United States and resold this wine in the District of Columbia and adjoining areas. *See* Memorandum, Page 4. As stated above, Calita Corporation has never existed as a corporation in the District of Columbia. *See* Exhibit B. Consequently, it is not a wine importer, and it is not the alter ego of Bonino. But even if it was an importer, nothing alleged about Calita corrects the deficiency in all of the Complaints.

Finally, Cascina attaches Vini, Inc.'s Bank of America check register to its proposed Second Amended Complaint. That check register appears to show payments made by Vini, Inc. to Bonino, Calita Corporation, and to cash. However, only two of those payments, in the aggregate amount of $4,199, were made between September 2005 and June 2006, the time frame, according to the averments made by Cascina in the proposed Second Amended Complaint, that the wine at issue was exported. See Memorandum, Pages 2-3. Even assuming that the entries are relevant at all,[5] the amount at issue in this matter is only $4,199, far below the jurisdictional limit necessary for this Court to have subject matter jurisdiction over the matter.

In sum, this "new information" amounts to nothing more than grasping at straws. Apparently, Cascina believes that it can fix its Complaint by adding facts, even if those facts are meaningless and irrelevant to its claims. Cascina has already amended the Complaint once, now

---

[5] Of course, Vini Inc.'s payments to third parties are totally irrelevant to Cascina's claims that Vini, Inc. and others failed to pay it for wine.

it seeks to amend it a second time to include facts that have no bearing on the claims alleged, and that cannot raise those claims to the level necessary to state viable claims against Bonino and Donna.  To allow Cascina to amend the Complaint a second time, merely in an effort to defeat Bonino and Donna's previously filed Motions to Dismiss, is futile, prejudicial to Bonino and Donna, and wastes the resources of this Court.

### 6.  <u>Futile Amendments Are Not Favored.</u>

Because the proposed Second Amended Complaint is still subject to dismissal for failure to state a claim, the Motion should be denied.  *See National Wrestling Coaches Ass'n v. Department of Education*, 366 F.3d 930, 945 (D.C.Cir.2004), *citing James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996) ("While leave to amend 'shall be freely given when justice so requires,' Fed R. Civ. P. 15(a), a district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss.")

Cascina cites to *Foman v. Davis*, 371 U.S. 178 (1962) stating that "[n]one of the five *Foman* reasons that justify a denial of leave to amend are present here.  There has been no undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, or futility of amendment."  *See* Memorandum, Page 5.  Merely stating something does not make it true.  In fact, there has been undue delay (the original Complaint was filed on July 27, 2007, it is now January 28, 2008, and Cascina is seeking to file a Second Amended Complaint); Cascina has repeatedly failed to cure the deficiencies in its Complaint, and this time is no different; Donna and Bonino have suffered undue prejudice caused by repeated amendments to the Complaint, which have no hope of curing its deficiencies.  As noted

above, amending the Complaint a second time is futile because the "new information" Cascina has learned does not make Cascina's claims against Donna and Bonino sufficient.

Accordingly, Cascina should not be permitted to amend its Complaint for the second time because the proposed amendment is futile, prejudicial to Donna and Bonino, and does nothing but waste this Court's time and resources.

### B. Cascina Should Not be Allowed to Engage in Jurisdictional Discovery Because There is No New Information that Cascina can Uncover that will Give this Court Subject Matter Jurisdiction

Cascina cites *Edmond v. United States Postal Service General Counsel*, 949 F.2d 415, 425 (D.C.Cir.1991) for the proposition that "[d]iscovery relating to jurisdiction should be freely permitted when consistent with a good faith belief that such discovery will enable a party to show that the Court has jurisdiction." *See* Memorandum, Page 6. Considering the evidence that the Court has before it, a Declaration from Bonino stating that he is an Italian citizen, and documents from the Italian Embassy stating that Bonino is an Italian citizen, it is difficult to imagine where Cascina's good faith belief comes from.

Further, to bring some finality to the issue of Bonino's citizenship and show that Bonino is an Italian citizen only, not a United States citizen or a holder of duel Italian and United States citizenships, attached hereto is the further Declaration of Corrado Bonino (Exhibit A hereto) attaching Bonino's Italian passport, a translated copy of Certificates of Residence History dated August 30, 2007, obtained from the Italian municipal authorities, showing that Bonino is an Italian citizen only, and that he resides in Italy.[6]  Also attached is a copy of Bonino's United States Visa, which expired on June 24, 2002.  These official documents cannot be controverted

---

[6] "Diversity of citizenship is determined at the time the action is filed." *Freeport-McMoran, Inc. v. K N Energy, Inc., et al.*, 498 U.S. 426 (S.Ct.1991).  The Complaint was filed on July 27, 2007, Certificates of Residence History is dated August 30, 2007.  As such, at the time the Complaint was filed, Bonino was an Italian citizen only.

by Cascina's "information and belief." Simply put, no amount of discovery will change Mr. Bonino's citizenship.

Even if Cascina's belief were justified and alleged in good faith, as stated by the 11th Circuit in *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir.2007):

> In our hypothetical diversity case, should the plaintiff request leave to conduct discovery to support its assertion that the case is properly before this court, the court would deny such a request. In such a situation **the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had-but did not-before coming through the courthouse doors**, even though the court would have the inherent power to do so.

*Lowery*, 483 F.3d at 1216, emphasis added.

Here, Plaintiffs have nothing to rebut the official documents showing that Bonino is an Italian citizen. As in *Lowery*, Cascina should not be permitted to conduct jurisdictional discovery to determine whether this Court has subject matter jurisdiction to hear this case, especially given the fact that Cascina has already had eight months to come up with something other than its bald, inaccurate statements.

## III. CONCLUSION

Because it is apparent from the "new information" identified by Cascina that it cannot amend its Complaint in such a way as to make its claims against Bonino and Donna viable, Cascina should not be permitted to amend its Complaint for the second time.

In addition, because Cascina cannot discover any information as to Bonino's citizenship that would demonstrate that the Court has subject matter jurisdiction to hear this case, Cascina should not be permitted to conduct jurisdictional discovery to uncover what is established by official records—that Bonino is a citizen of Italy only, and as such, this Court does not have subject matter jurisdiction over this case as long as Bonino is a defendant.

Dated: January 28, 2008                Respectfully submitted,

/s/ Michael E. Tucci
Michael E. Tucci, No. 430470
Jaime S. Dibble, No. 493079
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036
Tel. (202) 728-9100; Fax. (202) 785-9163
Email: mtucci@stinson.com
Email: dclark@stinson.com
Email: jdibble@stinson.com
*Attorneys for Roberto Donna and Corrado Bonino*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2008, a copy of the foregoing Opposition to Plaintiff's Consolidated Motion to Amend and Request Jurisdictional Discovery in Response to Defendants' Motions to Dismiss were served by first class mail, postage prepaid, upon the following:

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, DC 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103

/s/ Michael E. Tucci
Michael E. Tucci

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CASCINA ca de LUPIS S.r.l | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07-1372 |
| v. | ) | |
| | ) | |
| CORRADO BONINO et al., | ) | Judge Reggie B. Walton |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF CORRADO BONINO

The undersigned deposes and states:

1.     My name is Corrado Bonino.  I am over the age of eighteen, have personal knowledge of all matters set forth herein, and am otherwise competent to testify to all matters herein.

2.     I am a defendant in the above-captioned matter.

3.     I am an Italian citizen.  Further, I am not now nor have I ever been a citizen of the United States of America.  Attached hereto as Exhibit A-1 is a true and correct copy of my Italian passport.  When I travel to the United States, I do so on a 90 day visa as evidenced by the stamps on my passport.

4.     I am also a permanent resident of Italy.  Attached hereto as Exhibit A-2 are true and correct copies (along with certified translations) of official historical residency certificates issued by Italian authorities.  These documents show my residence for the period February 6, 1995 to the date of issuance, August 30, 2007.  I continue to reside at Strada Rosero No. 89 in Carmagnola (TO), Italy.

DH03/809616.0002/8391356.1

5.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER, AFFIANT SAYETH NOT.

Executed on January 28 , 2008

Corrado Bonino

# EXHIBIT A-1





**AVVERTENZE / NOTES / AVIS**

Il presente documento contiene elementi elettronici di elevata tecnologia: deve essere conservato con cura, evitando sollecitazioni meccaniche (piegamenti) ed esposizioni ad agenti esterni critici (fonti di calore ed umidità eccessiva).
Prima della partenza è bene verificare l'operatività sugli appositi terminali.

The present passport contains high tech electronic information and must be stored safely, with great care, avoiding folding, mishandling and exposure to high temperatures or excessive humidity.
Before travelling please check with the appropriate terminals that the passport is readable.

Ce document contient des éléments électroniques de haute technologie: il doit être conservé soigneusement; toute sollicitation mécanique (pli ou choc) ainsi que toute exposition à des agents externes critiques (source de chaleur et humidité excessive) doivent être évitées.
Avant chaque départ, il est opportun de vérifier l'état opérationnel du passeport sur les terminaux prévus à cet effet.

2

**UNIONE EUROPEA**
UNIÓN EUROPEA / EVROPSKÁ UNIE
DEN EUROPÆISKE UNION / EUROPÄISCHE UNION
EUROOPA LIIT / ΕΥΡΩΠΑΪΚΗ 'ΕΝΩΣΗ
EUROPEAN UNION / UNION EUROPÉENNE
AN TAONTAS EORPACH / EIRÓPAS SAVIENĪBA
EUROPOS SĄJUNGA / EURÓPAI UNIÓ
UNJONI EWROPEA / EUROPESE UNIE
UNIA EUROPEJSKA / UNIÃO EUROPEIA
EURÓPSKA ÚNIA / EVROPSKA UNIJA
EUROOPAN UNIONI / EUROPEISKA UNIONEN

**REPUBBLICA ITALIANA**
REPÚBLICA ITALIANA / ITALSKÁ REPUBLIKA
DEN ITALIENSKE REPUBLIK / ITALIENISCHE REPUBLIK
ITAALIA VABARIIK / ΙΤΑΛΙΚΗ ΔΗΜΟΚΡΑΤΙΑ
THE ITALIAN REPUBLIC / REPUBLIQUE ITALIENNE
POBLACHT NA hIODÁILE / ITALIJAS REPUBLIKA
ITALIJOS RESPUBLIKA / OLASZ KÖZTÁRSASÁG
REPUBBLIKA TALJANA / ITALIAANSE REPUBLIEK
REPUBLIKA WŁOSKA / REPÚBLICA ITALIANA
TALIANSKA REPUBLIKA / REPUBLIKA ITALIJA
ITALIAN TASAVALTA / REPUBLIKEN ITALIEN

**PASSAPORTO**
PASAPORTE / CESTOVNÍ PAS / PAS / REISEPASS / PASS
ΔΙΑΒΑΤΗΡΙΟ / PASSPORT / PASSEPORT / PAS / PASE / PASAS
ÚTLEVÉL / PASSAPORT / PASPOORT / PASZPORT /
PASSAPORTE / CESTOVNÝ PAS / POTNI LIST / PASSI / PASS

3







Departure Number
32 708041815

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

VISA WAIVER

14. Family Name
BONLINO

15. First (Given) Name
GABRIELE

17. Country of Citizenship
ITALY

OMB No. 1651-0113

0236

ADMITTED
WAS
JAN 0 7 2008

16. Birth Date (day/mo/yr)
28.05.64

CBP Form I-94W (10/04)

























EMERGENZE / EMERGENCIES / EMERGENCES

Recapiti di familiari o conoscenti da contattare in caso di necessità.

Particulars of relatives or friends who may be contacted in case of emergency.

Adresses de membres de la famille du titulaire ou personnes à contacter en cas de besoin.

1- Nome / Full name / Nom

Indirizzo / Address / Adresse

Telefono / Telephone / Telephone

2- Nome / Full name / Nom

Indirizzo / Address / Adresse

Telefono / Telephone / Telephone

32

Il presente passaporto contiene 32 pagine
Este pasaporte contiene 32 páginas
Tento pas má 32 stran
Dette pas bestär af 32 sider
Dieser Pass enthält 32 Seiten
Passis on 32 lehekülge
Το διαβατήριο αυτό περιέχει 32 σελίδες
This passport contains 32 pages
Ce passeport contient 32 pages
Tá 32 leathanach sa phás seo
Šap pasė ir 32 lappuses
Šis pasas sudarytas iš 32 puslapių
Jelen útlevélnek 32 oldala van
Dan il-passaport fih 32 paġna
Dit paspoort bevat 32 bladzijden
Niniejszy paszport zawiera 32 strony
O passaporte é constituído por 32 páginas
Tento cestovný pas má 32 strán
Potní list zalema 32 strani
Tämä passi sisältää 32 sivua
Passet innehåller 32 sidor

# EXHIBIT A-2

# THE TRANSLATION DEPARTMENT

*Over 25 years of excellence*

**CERTIFICATION OF ACCURACY**
**STATE OF NEW YORK**
**COUNTY OF NEW YORK**

K. P. Lukoff, being duly sworn, deposes and says:

That our company, The Translation Department, Inc., has commissioned Joanna Karamanou, 151 1st Avenue, New York, NY, 10003, to translate the document appended from the Italian to the English languages.

That the attached translation was made from the annexed document in the Italian language and I hereby certify that the same is true and complete translation of the best of our knowledge, ability and belief.

_____

Sworn to before on

January 24, 2008.

_____
Notary Public

**J. Kris Mordecai**
Notary Public - State of New York
Qualified in New York County
No. 01M06174762
My Commission Expires September 24, 2011.

# CITTÀ DI CARMAGNOLA

### PROVINCIA DI TORINO

CERTIFICATO DI RESIDENZA

STORICO AL 06/02/1995

– Visto lo schedario anagrafico

– Visto l'art. 35, quarto comma del D.P.R. n° 223 del 30/05/1989

CERTIFICA

che BONINO CORRADO

nato/a A FOSSANO (CN) il 28/05/1962

atto di nascita 215 P.I S.A ha avuto residenza stabile in questo

Comune come segue:

– DAL 06/02/1995 AL 17/09/1996 HA MANTENUTO
STABILE RESIDENZA IN QUESTO COMUNE, VIA VALOBRA N°6;
– DAL 18/09/1996 AL 19/06/2002 ERA ISCRITTO
ALL'A.I.R.E. PER EMIGRAZIONE NEGLI STATI UNITI
D'AMERICA;
– DAL 20/06/2002 SINO AL 07/05/2007 (DATA
DI EMIGRAZIONE IN PECETTO T.SE) AVEVA STABILE
RESIDENZA IN CARMAGNOLA, V. E. DUSE N°5

Si rilascia il presente certificato USO TRIBUTARIO

Carmagnola li, 10 SET 2007

L'UFFICIALE D'ANAGRAFE

Manitto · Torino · stampato su carta riciclata

[Seal]

## City of Carmagnola

Province of Torino

---

### Certificate of Residence History

### Of 04/06/1995

-Per vital statistics index

-Per article 35, fourth paragraph of Presidential Decree No. 223 of 05/30/1989

## CERTIFIES

that <u>Bonino Corrado</u>

born <u>at Fossano (CN)</u> on <u>05/28/1962</u>

birth act <u>215 P. 1 S. A.</u> has maintained permanent residence in this

Municipality as follows:

- <u>From 02/06/1995 to 09/17/1996 he maintained permanent residence in this municipality, Valobra Street No. 6.</u>
- <u>From 09/18/1996 to 06/19/2002 he was registered with the registry of Italian residents abroad for emigration to the United States of America</u>
- <u>From 06/20/2002 until 05/07/2007 (date of emigration to Pecetto T.SE.) he maintained permanent residence in Carmagnola at V.E. DUSE No. 5</u>

The present certificate is issued for <u>Tributary Use</u>

Carmagnola, the <u>10th of September 2007</u>

|  | [Stamp] | Vital Statistics Office Clerk |
| --- | --- | --- |
| Manitto-Torino-printed on recycled paper | [Stamp] | [Signature] |

# THE TRANSLATION DEPARTMENT

*Over 25 years of excellence*

**CERTIFICATION OF ACCURACY**
**STATE OF NEW YORK**
**COUNTY OF NEW YORK**

K. P. Lukoff, being duly sworn, deposes and says:

That our company, The Translation Department, Inc., has commissioned Joanna Karamanou, 151 1st Avenue, New York, NY, 10003, to translate the document appended from the Italian to the English languages.

That the attached translation was made from the annexed document in the Italian language and I hereby certify that the same is true and complete translation of the best of our knowledge, ability and belief.

_____

Sworn to before on

January 24, 2008.

_____
Notary Public

**J. Kris Mordecai**
Notary Public - State of New York
Qualified in New York County
No. 01M06174762
My Commission Expires September 24, 2011

PHONE 800-921-3645      FAX 888-201-0749      www.translationdepartment.com

**COMUNE DI PECETTO TORINESE**

CAP 10020 - PROVINCIA DI TORINO

_____

Sede Municipale di via Umberto I n.3

Tel. 0118609218/9 - Fax 0118609073 – e mail: info@comune.pecetto.to.it

Partita IVA 02085860019 - C.F. 90002610013

# CERTIFICATO DI RESIDENZA STORICO

In conformità alle norme ed agli accertamenti richiesti per il seguente atto

Si certifica che :

**BONINO  CORRADO  nato  il 28/05/1964**

**a FOSSANO  ( CN )**

Atto N.  215  P.1  S.A  -1964

Comune di Registrazione Nascita: FOSSANO

**E' immigrato da CARMAGNOLA ( TO ) il 7/05/2007 n. pratica    57**

**abitante in STRADA ROSERO  n.   89**

**EVENTI STORICI :**

- **Iscritto per IMMIGRAZIONE  il 7/05/2007
  da CARMAGNOLA ( TO )**
- **Dal  7/05/2007  al 30/08/2007
  in STRADA ROSERO  n.  89**

IN CARTA LIBERA
D.P.R. 26.10.1972 N. 642
TAB. B · ART. 5

Si rilascia in carta libera

Per uso USI CONSENTITI DALLA LEGGE

SEGRETERIA
€ 0,26

Diritti Euro : 0,26

Data rilascio 30  agosto  2007

UFFICIALE D'ANAGRAFE

IL PRESENTE CERTIFICATO HA VALIDITA' SEI MESI DALLA DATA DI RILASCIO ED E' AMMESSO DALLE PUBBLICHE AMMINISTRAZIONI NONCHE' DAI GESTORI O ESERCENTI DI PUBBLICI SERVIZI ANCHE OLTRE I TERMINI DI VALIDITA' NEL CASO IN CUI L'INTERESSATO DICHIARI, IN FONDO AL DOCUMENTO, CHE LE INFORMAZIONI CONTENUTE NEL CERTIFICATO STESSO NON HANNO SUBITO VARIAZIONI DALLA DATA DI RILASCIO. (ART.41, DPR 445/2000)

1

[Seal]

## Municipality of Pecetto Torinese

### Postal Code 10020—Province of Torino

---

Municipal Office at 1 Umberto Street N.3

Tel. 0118609218/9 – Fax 0118609073 – email: info@comune.pecetto.to.it

VAT Number 0208560019 – Fiscal Code 90002610013

# CERTIFICATE OF RESIDENCE HISTORY

In accordance with the law and other verifications required for the following act

[the Municipality] certifies that:

**BONINO CORRADO** born on 05/28/1964

In **FOSSANO (CN)**

Act No. 215 P.1 S.A. – 1964

Municipality of Registration of Birth: **Fossano**

Without Duty Stamp

Presidential Decree No. 642 of 10/26/1972
Schedule 3 Art. 5

**Immigrated from Carmagnola (TO) on 05/07/2007 file no. 57**

**residing at Strada Rosero No. 89**

**HISTORICAL EVENTS:**

- **Registered for IMMIGRATION on 05/07/2007
  AT CARMAGNOLA (TO)**
- **From 05/07/2007 to 08/30/2007
  at STRADA ROSERO no. 89**

Issued without duty stamp
For use[:] USES CONSISTENT WITH THE LAW

Fees Euro: 0.26
Issue date 30 August 2007

[Stamp]

[Signature]
Vital Statistics Office Clerk

The present certificate is valid for six months from the date of issue and has been acknowledged by the public administration as well as public service administrators or officers as have been the terms of validity by the party in question, at the bottom of the document, that the information contained in same certificate has not undergone changes in date of issuance (Art. 41, presidential decree 445/2000)

UNITED STATES
OF AMERICA

VISA

Control Number
19971753790010

Issuing Post Name
MILAN

Surname
BONINO

Given Name
CORRADO

Passport Number
346938A

Entries
M

Sex
M

Issue Date
24JUN1997

Annotation
IL CUOCO INC.
ELKRIDGE, MD

Visa Type/Class
R    E2

Birth Date
28MAY1964

Nationality
ITLY

Expiry Date
24JUN2002

19344806

VNITABONINO<<CORRADO<<<<<<<<<<<<<<<<<<<<<<<<<
346938A<<9ITA6405283M9706246E2307228850D4B52

# EXHIBIT B

| District of Columbia | MAYOR FENTY | DC GUIDE | RESIDENTS | BUSINESS |

## Organization Information

DCRA HOME

SERVICES

INFORMATION

ONLINE SERVICE
REQUESTS

## Registered Organization Search

STEP  1  2  3  **Your Search Results**

Searched for: **calita**

Your search for calita resulted in no matches.

Return To Organization Homepage    Print Page    New Search

For more information, contact the Corporations Division at (202) 442-4432 or Ask the
Director .

Telephone Directory by Topic · Agencies · DC Council · Search · Elected Officials · Feedback · Translations ·
Accessibility · Privacy & Security · Terms & Conditions

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
                                              )
CASCINA ca de LUPIS S.r.l                     )
                                              )
        Plaintiff,                            )
                                              )     Case No. 07-1372
v.                                            )
                                              )
CORRADO BONINO et al.,                        )     Judge Reggie B. Walton
                                              )
                                              )
        Defendant.                            )
_____)

**ORDER DENYING PLAINTIFF'S CONSOLIDATED MOTION TO AMEND AND
REQUEST FOR JURISDICTIONAL DISCOVERY IN RESPONSE TO DEFENDANTS'
MOTIONS TO DISMISS**

Upon consideration of Plaintiff's Consolidated Motion to Amend and Request for

Jurisdictional Discovery In Response To Defendants' Motions to Dismiss, and Opposition

thereto, the Plaintiff's Motion is hereby denied.

**SO ORDERED.**


Dated: _____        _____
                                            The Honorable Reggie B. Walton
                                            United States District Court Judge

Copies to:

Michael E. Tucci, Esq.
Jaime S. Dibble, Esq.
Stinson Morrison Hecker LLP
1150 18th Street, N.W.
Suite 800
Washington, D.C. 20036-3816

Marc E. Miller, Esq.
Alex Menendez, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, Suite 800
Washington, D.C. 20001

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103