## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| Cascina ca de Lupis, S.r.l. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:07-cv-01372 |
| | ) | Judge Reggie B. Walton |
| v. | ) | |
| Corrado Bonino, et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S CONSOLIDATED MOTION TO AMEND AND REQUEST FOR JURISDICTIONAL DISCOVERY

Cascina ca de Lupis S.r.l (hereinafter "Cascina"), through its undersigned counsel, files its Reply to Defendants' Combined Opposition to Plaintiff's Consolidated Motion to Amend and Request for Jurisdictional Discovery in Response to Defendants' Motions to Dismiss as follows:

## I.    INTRODUCTION

Plaintiff has initiated this lawsuit because Defendants have conspired and orchestrated a scheme to defraud Plaintiff of over half of a million dollars. As part of this scheme defendant Bonino represented to Plaintiff that he would be Plaintiff's United States agent to import and sell wine. Second Amended Complaint ¶ 12. Defendant Bonino agreed that he would have the proceeds of the sales forwarded to Plaintiff. Second Amended Complaint ¶ 13. Defendant Bonino, however, sold the wine to defendant Donna at a below the market cost and retained the majority of money received from defendant Donna for himself. Second Amended Complaint ¶ 22. Defendant Bonino told other people, including the wine importer Vini, Inc., to pay his corporation, Calita Corporation, for the hundreds of thousands of dollars of Plaintiff's wine,

which defendant Bonino sold in and around the District of Columbia. Once Vini Inc., paid

Calita Corporation, defendant Bonino never forwarded the money to Plaintiff, but instead took

the money and used it for his own purpose.

The facts as plead by Plaintiff are sufficient to establish claims of fraud, conversion,

unjust enrichment, and conspiracy. Accordingly, Plaintiff's motion to amend the Complaint

should be granted and Defendants' motion to dismiss should be denied.

## II.    ARGUMENT

### A.    Plaintiff Has Stated Viable Claims

In response to Defendant's motion to dismiss the Complaint, Plaintiff drafted a proposed

Second Amended Complaint, which furnishes far more specificity than is typical in a "notice"

pleading. Nonetheless, Defendants persist in contesting that even with this additional

information and specificity the Second Amended Complaint too is insufficient.

Defendants' argument that the proposed Second Amended Complaint lacks the requisite

specificity to state any claim is groundless. A motion to dismiss under Fed. R. Civ. P. 12(b)(6)

tests the sufficiency of the complaint. Wyatt v. Syrian Arab Republic, 398 F. Supp. 2d 131, 135

(D.D.C. 2005). Under the Federal Rules, the complaint "need only set forth a short and plain

statement of the claim, giving the defendant fair notice of the claim and the grounds upon which

it rests." Id. (*citing* Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir.

2003)). In ruling on a Rule 12(b)(6) motion, the Court must accept as true the factual allegations

in the complaint and draw all reasonable inferences in the plaintiff's favor. Harris v. Ladner, 127

F.3d 1121, 1123 (D.C. Cir. 1997). A complaint should not be dismissed for failure to state a

claim unless it is beyond doubt that the plaintiff can prove no set of facts that would entitle him

to relief. United States ex rel. New v. Rumsfeld, 350 F. Supp. 2d 80, 88-89 (D.D.C. 2004);

Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). As detailed below, Plaintiff in the

proposed Second Amended Complaint has alleged sufficient facts to support its claims against

Defendants.

Defendants have also argued that Plaintiff has fabricated facts as plead in its Second

Amended Complaint. Defendants contend that defendant Bonino could not have conducted

business through Calita Corporation because this corporation simply does not exist in the District

of Columbia. While Defendants' argument is premature and fact based, it is also absolutely

misleading. The facts, for purposes of this motion, are as plead in the Complaint. However,

Plaintiff possesses strong evidence (bank records and cancelled checks) to show that defendant

Bonino directed defendant Donna and Vini, Inc., to disburse checks to pay for Plaintiff's wine to

his company "Calita Corporation," promising them that he would use the money to pay Plaintiff

for the wine. Literally dozens of checks totaling hundreds of thousands of dollars were written at

defendant Bonino's direction to Calita Corporation to pay for Plaintiff's wine. Defendant

Bonino, unbeknownst to Plaintiff had established an account for Calita Corporation, which he

converted. See copies of checks attached hereto as Exhibit "A." In this manner, defendant

Bonino controlled and stole all of the funds due to Plaintiff from the account that he maintained

on behalf of Calita Corporation.

### 1.    The Proposed Second Complaint[1] Does Comply With Rule 9.

---

[1]  The Court should allow Plaintiff to amend the Amended Complaint because the Second
Amended Complaint states a claim for which relief can be granted. As earlier argued in
Plaintiff's Response to Defendants' motion to dismiss at page 4, courts are liberal in allowing
amendments to complaints. See Fed. R. Civ. P. 15(a); Dove v. Washington Metropolitan Area
Transit Authority, 221 F.R.D. 246 (D.D.C. 2004). In this case, Plaintiff learned additional
information that was not previously available and has made a good faith amendment.
Accordingly, this Court should allow Plaintiff to amend the Complaint.

Federal Rule of Civil Procedure 9(b) requires that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Normally, "this means that the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud." <u>United States ex rel. Joseph v. Cannon</u>, 642 F.2d 1373, 1385 (D.C. Cir. 1981). Rule 9's requirement to plead fraud with particularity, however, does not abrogate Rule 8's directive that pleadings may provide only a "short a plain statement of the claim or defense." <u>Id.</u> at 1386. State substantive law usually defines the elements of fraud if the claim is based upon diversity or supplemental jurisdiction. 2-9 Moore's Federal Practice § 9.03[1][e]. The elements of fraud in the District of Columbia are (1) a false representation (2) of a material fact, (3) made with knowledge of its falsity, (4) with intent to deceive, and (5) action taken in reliance on the misrepresentation. <u>Bennett v. Kiggins</u>, 377 A.2d 57, 59 (D.C. 1997).

Plaintiff has satisfied the pleading requirement for its fraud claim. Plaintiff provides enough detail to state who is the alleged perpetrator of the fraud, when the fraudulent statements were made, the nature of the fraudulent statements, and what Plaintiff relinquished as a result. Defendants have made the following fraudulent statements to Plaintiff:

- Defendant Bonino represented to Plaintiff that he was working for Plaintiff in the United States as his American sales representative and that monies obtained from the distribution and sale of wine would be forwarded to Plaintiff. Second Amended Complaint ¶ 13.

- Defendant Bonino represented to the wine importer Vini Inc., that Plaintiff had approved the contract that purportedly set forth the terms and conditions under which Vini, Inc., was to distributed and pay for Plaintiff's wine. Second Amended Complaint ¶ 15.

- Defendant Bonino represented to the wine importer that he was the United States representative of Plaintiff and that all monies collected in payment for such wines should be paid to him. Second Amended Complaint ¶ 17.

4

- Defendant Bonino represented to Plaintiff that all monies collected by him would be forwarded to Plaintiff. Second Amended Complaint ¶ 17

- Defendant Bonino continued to represent to Plaintiff that he was their faithful United States representative during the very time that he was surreptitiously causing and directing defendant Donna and the wine importer to make payments to him. Second Amended Complaint ¶ 21.

- Between January of 2006, and September of 2006, defendant Donna orally and via correspondence and email, misrepresented to Plaintiff that all of the wine sold to defendant Donna was to be utilized by defendant Donna at Galileo only and not at Trattoria Bebo. Second Amended Complaint ¶ 24.

As a result of these statements Plaintiff provided, and continued to provide, wine to defendants Bonino and Donna. Second Amended Complaint ¶ 10. Plaintiff also alleges that Defendants made these representations knowing they were false, that Plaintiff reasonably relied on the misstatements, and that Plaintiff exported wine to Bonino and incurred a significant loss. Second Amended Complaint ¶¶ 48-58. Accordingly, these facts are sufficient to establish a claim of fraud against defendants Bonino and Donna and the Complaint should not be dismissed, and the proposed Second Amended Complaint should be filed.

2.    **The Proposed Second Amended Complain Does State a Cause of Action for Conversion.**

A claim for conversion requires: (1) wrongful exercise of ownership; (2) dominion or control over the personal property of another; (3) in denial of that person's right. O'Callaghan v. District of Columbia, 741 F. Supp. 273, 279-80 (D.D.C 1990). "Where the defendant's initial possession is lawful, **the long-settled rule is that in the absence of other facts and circumstances independently establishing conversion**, a demand for return is necessary to show the adverse nature of the possession." Furash & Co., Inc. v. McClave, 130 F. Supp. 2d 48,

5

58 (D.D.C. 2001).[2] **"Money can be the subject of a conversion claim only if the plaintiff has the right to a specific identifiable fund of money.** A cause of action for conversion, however, may not be maintained to enforce a mere obligation to pay money." Calvetti v. Antcliff, 346 F. Supp. 2d 92, 106 (D.D.C. 2004).[3] In Bucheit v. PLO, the District Court allowed the plaintiff to recover money that was loaned and other assets that were seized on a theory of conversion. 2003 U.S. Dist LEXIS 26002, *18 (D.D.C. 2003).

Plaintiff need not demand a return of his wine or money because the independent facts and circumstances indicate that Defendants committed conversion. Defendant Bonino agreed to act as Plaintiff's United States agent. Second Amended Complaint ¶ 12. Defendant Bonino then arranged to sell wine to defendant Donna. Second Amended Complaint ¶ 16. The wine should have been sold at a fair market price and the payments from defendant Donna and Vini, Inc., should have been forwarded to Plaintiff. Second Amended Complaint ¶ 13. Defendant Donna, however, purchased the wine at a below the market price knowing and used it for his business thereby partaking in the fraudulent scheme. Second Amended Complaint ¶ 22. Additionally, defendant Bonino failed to forward the payments received from defendant Donna and Vini, Inc., to Plaintiff. Second Amended Complaint ¶ 30. Plaintiff would not have authorized defendant Bonino to collect monies from defendant Donna for wine Plaintiff supplied and not require any

_____

[2] Emphasis added to portion of quote Defendants omitted from their brief. Defendants argue that to strike a claim of conversion Plaintiff is required to demand return of the property at issue when the initial possession is lawful. The legal analysis in support of this contention is misleading because Plaintiff need not demand return when the initial possession is lawful if there are additional facts and circumstances that seem to indicate that a conversion has taken place. (See cite above)

[3] Emphasis added to portion of quote Defendants omitted from their brief. Defendants argued that an claim for conversion cannot be maintained to enforce a debt. Their legal analysis in support of this contention is again misleading because money can be the subject of a conversion claim if the plaintiff has the right to a specific identifiable fund of money. (See cite

payment. The independent facts and circumstances in this case indicate that Defendants after collecting money for Plaintiff, instead have converted Plaintiff's property or money for his own uses. Accordingly, it is not necessary for Plaintiff to demand that Defendants remit payment or return the wine.

Plaintiff has properly pled the tort of conversion; the property in question is money. In this case, money can be the subject of a conversion action because Plaintiff is entitled to a specific and identifiable sum of money, i.e. the proceeds for the sale of the wine. Specifically, Plaintiff is entitled to the funds transferred by Vini, Inc. and defendant Donna to Calita Corporation and defendant Bonino (see Exhibit "A" to Second Amended Complaint), which total $452,138.00. These monies are not a debt owed but a specific amount of money obtained by defendant Bonino on behalf of Plaintiff. Defendants have wrongfully exercised dominion and control over Plaintiff's money. Accordingly, Plaintiff has stated a claim for conversion against Defendants and its Complaint should not be dismissed but amended.

### 3.     The Proposed Second Amended Complaint States a Conspiracy Claim.

To state a claim for conspiracy, Plaintiffs must show: (1) an agreement between two or more persons to take part in unlawful action or lawful action in an unlawful manner, and (2) an overt act in furtherance of the agreement. *See, e.g.*, Hall v. Clinton, 285 F. 3d 74, 82 (D.C. Cir. 2002) (applying D.C. law). In the present case both Defendants have perpetrated fraud and conversion. Plaintiff has pled that an agreement took place between Defendants. See Second Amended Complaint ¶ 60. Plaintiff has also pled the occurrence of numerous overt acts in furtherance of the agreement:

above)

- Defendants Bonino and Donna assisted in obtaining wine imported to the United States by Plaintiff.  Second Amended Complaint ¶ 39.

- Defendants Bonino and Donna deliberately and knowingly failed to pay Plaintiff for the wine.  Second Amended Complaint ¶ 39.

- Defendants Bonino and Calita Corporation obtained monies from defendant Donna and failed to forward payment to Plaintiff.  Second Amended Complaint ¶¶ 44, 45.

- Defendants Bonino and Donna obtained wine from Plaintiff and sold it to defendant Donna for resale at Galileo and at Trattoria Beppo with the agreement and understanding that Plaintiff would not be paid full value for such wines.  Second Amended Complaint ¶ 61.

All of these acts were conducted by Defendants in furtherance of their agreement to defraud Plaintiff and convert its money.  As a result, Plaintiff has stated a claim for conspiracy against Defendants and its Complaint should not be dismissed.

### 4.   The Proposed Second Amended Complaint States an Unjust Enrichment Claim.

To prevail on a claim for unjust enrichment a plaintiff must plead that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust.  New World Communications Inc. v. J.S. Thompsen, 878 A.2d 1218, 1222 (D.C. 2005) (citing 4934, Inc. v. District of Columbia Dep't of Employment Srvs., 605 A.2d 50, 55 (D.C. 1992).  It is not necessary, however, for a plaintiff to have directly conferred a benefit on a defendant.  See In re Lorazepam & Clorazepate Antitrust Litig., 295 F. Supp. 2d 30, 50 (D.D.C. 2003) (applying D.C. law).

In the present case, taking Plaintiff's averments as true, Plaintiff conferred a benefit on both defendants Donna and Bonino.  Plaintiff has supplied to Defendants in excess of $450,000.00 worth of wine for which he has not been paid.  Second Amended Complaint ¶ 65.  Plaintiff entrusted defendant Bonino to distribute wine to customers in the United States. Second

8

Amended Complaint ¶ 12.  Defendant Bonino, without the authorization of Plaintiff, took the wine and sold it to defendant Donna for an amount below that of market cost.  Second Amended Complaint ¶ 22.  Defendant Bonino also failed to remit the majority of payments for the wine from defendant Donna and Vini, Inc., to Plaintiff.  Second Amended Complaint ¶ 11.  As a result, Plaintiff directly conferred a benefit on defendant Bonino by providing him with wine, which he used for his own purposes.  Plaintiff also indirectly conferred a benefit on defendant Donna by providing him wine through defendant Bonino, which defendant Donna paid a below the market cost.  Second Amended Complaint ¶ 22.  Plaintiff did not authorize defendant Bonino to sell the wine without forwarding payments.  Additionally, Plaintiff did not authorize Bonino to sell the wine to defendant Donna at a below the market cost.  As a result, both defendants Bonino and Donna unjustly conferred a benefit of wine and money at the expense of Plaintiff. Accordingly, neither one of Plaintiff's complaints should be dismissed because they clearly state a claim for unjust enrichment.

### B.    Plaintiff Should be Permitted to Engage in Jurisdictional Discovery Because New Information can be Uncovered, which will Give Support to this Court's Subject Matter Jurisdiction.

Defendant Bonino contends he should not have to answer these charges against him because he, like the party he stole from, is an alien, and neither are citizens of the United States. After purposefully evading service for over three (3) months, defendant Bonino is now trying to use the Federal Rules of Civil Procedure in an effort to evade being held accountable for his fraudulent actions committed exclusively in the United States.

Plaintiff is frankly surprised to hear that defendant Bonino claims not to be a citizen of the United States.  A plaintiff has the initial burden of producing evidence to show the defendant's citizenship.  This burden, however, may be shifted to the defendant if the plaintiff

proves proof that the defendant physically resides at a certain location. Dyer v. Robinson, 853 F. Supp. 169, 173 (D. Md. 1994) Defendant Bonino has fully reaped the benefits of living in the District of Columbia for more than ten (10) years. Specifically, he has live and been employed in and around the District of Columbia for over ten (10) years. Second Amended Complaint ¶ 4. He has fathered two (2) children in the United States. Second Amended Complaint ¶ 4. Defendant Bonino owns a home in the United States. Second Amended Complaint ¶ 3. He also conducts business in the District of Columbia regularly. Second Amended Complaint ¶ 4. He has also defrauded the Plaintiff, a citizen of Italy, while in the United States. Second Amended Complaint ¶ 1.

     This Court should not trust the self serving affidavits and documents presented by defendant Bonino. He has presented expired Italian visas and blank passport pages, which only prove his status as an Italian citizen and are completely independent of his status as a citizen of the United States. Additionally, he has presented documents that indicate he was a permanent resident of Italy during certain dates. Plaintiff, however, is able to prove that defendant Bonino has maintained residence in the United States throughout this time. For example, defendant Bonino has presented documentation that he maintained a permanent residence in Italy between June of 2002, and May of 2007. Plaintiff can establish, however, that between September 2005, and August 2006, defendant Bonino was working in the United States as Plaintiff's agent. Plaintiff can also prove that defendant Bonino has maintained a residence in the District of Columbia for ten (10) years.

     This Court cannot deny the obvious inference that defendant Bonino was lawfully working and living in the United States for a period of over ten (10) years. This Court should not allow defendant Bonino to reap these benefits yet not hold him accountable for his actions.

10

From these facts it is possible to conclude that this Court may have jurisdiction over defendant Bonino as a dual citizen of the United States and Italy.[4]  Accordingly, this Court shall grant Plaintiff jurisdictional discovery.

<div style="margin-left:40%">

Respectfully Submitted,

</div>

Dated: February 6, 2008

<div style="margin-left:40%">

Marc E. Miller, DC Bar # 948372
Alex Menendez, DC Bar # 470475
McLEOD, WATKINSON & MILLER
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001
(202)842-2345

Jack Meyerson
Bethany R. Samuels
1700 Market Street, Suite 3025
Philadelphia, PA 19147
(215)972-1376

Attorneys for Plaintiff

</div>

---

[4]  Italian citizens who have become United States citizens after August 15, 1992, retain their Italian citizenship.  Italian Law n. 91, 1992, art. 24

# EXHIBIT "A"



STATEMENT DATE
12-30-05

PAGE   6 OF  7

MARCELLO DELLACCIO



CHECK#:1133      $300.00

CHECK#:1135      $2,806.06

CHECK#:1136      $875.00

CHECK#:1137      $1,689.00

CHECK#:1139      $270.00

CHECK#:1140      $128.00

CHECK#:1141      $140.10

CHECK#:1142      $2,510.00

CHECK#:1143      $200.00

CHECK#:1145      $3,347.43

# BB&T

MARCELLO DELLACCIO



CHECK#:1124          $119.76

CHECK#:1125          $138.00

CHECK#:1126          $1,181.00

CHECK#:1127          $637.19

CHECK#:1128          $1,400.00

CHECK#:1129          $160.00

CHECK#:1130          $493.00

CHECK#:1131          $3,425.00

MARCELLO DELLACCIO



CHECK#:1112     $400.00

CHECK#:1115     $300.00

CHECK#:1116     $1,048.00

CHECK#:1117     $500.00

CHECK#:1118     $118.00

CHECK#:1119     $840.00

CHECK#:1120     $300.00

CHECK#:1121     $1,347.00

CHECK#:1122     $124.08

CHECK#:1123     $106.00

**B&T**

MARCELLO DELLACCIO



CHECK#:1105    $132.00        CHECK#:1106    $2,102.00

CHECK#:1107    $2,800.00      CHECK#:1108    $150.00

CHECK#:1109    $150.00        CHECK#:1110    $500.00

CHECK#:1111    $611.00        CHECK#:1113    $351.00

Check 1055
VINI, INC.                                          08-05
202-258-2948
5768  2ND ST., N.E.
WASHINGTON, DC  20011-2524
Pay to the Order of  Apollo Transportation        $ 510.00
Date 10-17-05
Bank of America
ACH R/T 054001204
⑆054001204⑆ 0019245085 77⑈ 1055   ⑈0000051000⑈

Check 1052
VINI, INC.                                          08-05
202-258-2948
5768  2ND ST., N.E.
WASHINGTON, DC  20011-2524
Pay to the Order of  Bond R Property Management    $ 2663.00
Two Thousand Six Hundred Sixty Three
Date 10-03-05
Bank of America
For  Rent WH
ACH R/T 054001204
⑆054001204⑆ 0019245085 77⑈ 1052   ⑈00000266300⑈

Check 1053
VINI, INC.                                          08-05
202-258-2948
5768  2ND ST., N.E.
WASHINGTON, DC  20011-2524
Pay to the Order of  CALIA                          $ 15,000.00
Fifteen Thousand
Date 10-17-05
Bank of America
For  TRAILER PA
ACH R/T 054001204
⑆054001204⑆ 0019245085 77⑈ 1053   ⑈000001500000⑈

*1110012822*
10/23/2005
000392673676
This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

Check 1054
VINI, INC.                                          08-05
202-258-2948
5768  2ND ST., N.E.
WASHINGTON, DC  20011-2524
Pay to the Order of  John S Connor               $ 2700.00
Date 10-20-05
Two Thousand seven hundred                         Dollars
Bank of America
ACH R/T 054001204
For  Containers
⑆054001204⑆ 0019245085 77⑈ 1054   ⑈0000270000⑈

⑆054001204⑆ 0019245085 77⑈ 1054   ⑈0000270000

MARCELLO DELLACCIO

CHECK#:1092          $117.00

CHECK#:1095          $118.45

CHECK#:1096          $323.00

CHECK#:1097          $32.16

CHECK#:1098          $48.70

CHECK#:1100          $200.00

CHECK#:1101          $333.78

CHECK#:1102          $2,167.00

CHECK#:1103          $328.00

CHECK#:1104          $920.00

MARCELLO DELLACCIO



CHECK#:1086        $365.00

CHECK#:1088        $115.72

CHECK#:1089        $1,114.00

CHECK#:1090        $150.00

CHECK#:1091        $150.00

CHECK#:1094        $1,902.60

**B&T**

MARCELLO DELLACCIO



CHECK#:1073        $70.00         CHECK#:1077        $100.00

CHECK#:1078        $500.00        CHECK#:1079        $426.42

CHECK#:1080        $118.00        CHECK#:1081        $80.00

CHECK#:1082        $2,065.00      CHECK#:1083        $1,918.00

CHECK#:1084        $300.00        CHECK#:1085        $1,134.00



MARCELLO DELLACCIO







CHECK#:1071        $634.20          CHECK#:1072        $306.00





CHECK#:1074        $160.00          CHECK#:1075        $789.60



MARCELLO DELLACCIO

CHECK#:         $4,820.00

CHECK#:1039      $367.00

CHECK#:1045     $2,675.00

CHECK#:1046      $500.00

CHECK#:1047      $880.00

CHECK#:1048      $550.00

CHECK#:1049     $3,081.25

CHECK#:1051      $42.05

CHECK#:1052      $75.00

CHECK#:1053      $648.00



MARCELLO DELLACCIO



CHECK#:1032    $425.46

CHECK#:1033    $3,157.51

CHECK#:1034    $455.00

CHECK#:1035    $463.97

CHECK#:1036    $248.04

CHECK#:1037    $3,001.71

CHECK#:1038    $558.00

CHECK#:1041    $100.00



CHECK#:1042    $4,420.00

CHECK#:1043    $500.00

MARCELLO DELLACCIO



CHECK#:1022        $425.46



CHECK#:1023        $100.00



CHECK#:1024        $2,081.25



CHECK#:1025        $460.04



CHECK#:1026        $500.00



CHECK#:1027        $248.04



CHECK#:1028        $75.00



CHECK#:1029        $2,740.00



CHECK#:1030        $98.00



CHECK#:1031        $500.00

MARCELLO DELLACCIO



CHECK#:1012          $1,000.00

CHECK#:1013          $210.00

CHECK#:1014          $2,581.00

CHECK#:1015          $277.64

CHECK#:1016          00

CHECK#:1017          $1,700.00

CHECK#:1018          $1,500.00

CHECK#:1020          $1,200.00



MARCELLO DELLACCIO

CHECK#:1005        $157.50

CHECK#:1006        $1,000.00

CHECK#:1007        $425.47

CHECK#:1008        $2,531.25

CHECK#:1009        $200.00

CHECK#:1010        $2,890.00



MARCELLO DELLACCIO
DBA VINI
4402 HARRISON ST NW
WASHINGTON DC 20015

CASCINA CADELARIO SRL
CORRADO BONINO
PURCHASES

STATEMENT DATE
12-31-04

PAGE  3 OF  3
5162443749

CHECK#:           $1,000.00

CHECK#:           $726.46

CHECK#:91         $313.59

CHECK#:92         $1,326.10

CHECK#:93         $425.46

CHECK#:94         $2,500.00

**Certificate of Service**

I hereby certify that on this 6th day of February 2008, a copy of the Plaintiff's Reply (together with Exhibits), was mailed, postage prepaid, to:

Michael E. Tucci, Esquire
Darrell W. Clark, Esquire
James S. Dibble, Esquire
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, D.C. 20036

_____
Alex Menendez

12